R. G. TUTTLE and D. M. PUITT, Ex'rs, &c. *v.* W. J. PUITT, and others.

Testator devised a certain tract of land, describing it, to his son D and his heirs forever, annexing this condition : " Now in case the said D and the balance of my heirs can not agree in the price of the above described or bounded lands, the parties can choose a mutual board of valuation, and if the said D is not willing to abide by the valuation thus obtained, then in that case I will that the above bounded lands be sold and the proceeds equally divided among all my heirs, excepting, &c.: *Held,* That D should have the land, but that he should pay to the other heirs their proper shares of its reasonable value : *Held further,* That should D decline to take the land the same will be sold and the proceeds divided as prescribed in the will.

Where a testator directs his property, land or personal property, to be equally divided among his heirs, the division must be *per capita* and not *per stirpes.*

A testator makes the following bequest: " Item 8. I will and bequeath that after my death all my remaining estate and effects, consisting of notes, accounts, household and kitchen furniture and farming utensils, &c., *be sold* and the proceeds thereof be *equally divided* among all my heirs :" *Held,* That the testator did not intend that his notes and accounts should be sold; they will be collected : *Held further,* That the proceeds of the sale will be divided into ten parts—one to each of his six children, and one to each of the four grand children.

(*Ward* v. *Stowe,* 2 Dev. Eq. 509; *Freeman* v. *Knight,* 2 Ired. Eq., cited and approved.)

CIVIL ACTION, to obtain from the Court a construction of the will of John Puitt, deceased, tried at the Fall Term, 1872, of the Superior Court of CALDWELL county, before his Honor, Judge *Mitchell.*

The testator, John Puitt, died in June, 1872, leaving him surviving, six children and four grandchildren. A short time before his death he made a will, appointing the plaintiffs, his son and son-in-law, executors. Finding some difficulty in the construction of the will, the executors bring this suit against the other heirs and legatees and devisees of the testator, praying the judgment of the Court as to the true intent and meaning of certain clauses in the will, and from the judgment of the Court below, the executors appealed.

The parts of the will upon which a construction is asked, and all other circumstances necessary to a proper under-

standing of the points decided, are fully stated in the opinion of the Court.

*Busbee & Busbee* and *Folk,* for appellants.

No counsel in this Court, for defendants.

RODMAN, J. The plaintiffs are the executors of John Puitt, who died in 1872, leaving a last will, and they request the Court to advise them on its construction. The defendants are the legatees, devisees and heirs of the testator. The testator left surviving him six children, and four infant grand children.

Item 1 gives a certain piece of land to his two grand children, William M. Puitt and Joseph N. Puitt. There is no doubt as to the meaning of this clause, at least as the case at present is.

"Item 2. I will and bequeath to my son, Daniel M. Puitt" (a certain described piece of land) "to have and to hold to him and his heirs and assigns forever. Now in case the said D. M. Puitt and the balance of my heirs cannot agree in the price of the above described or bounded lands the parties can choose a mutual board of valuation, and if the said D. M. Puitt is not willing to abide by the valuation thus obtained, then in that case I will that the above bounded lands be sold and the proceeds equally divided among all my heirs, excepting the above mentioned William M. and Joseph N. Puitt."

We think the intention of the testator was that Daniel, the devisee, should have the land, but that he should pay to the other heirs their proper shares of its reasonable value. There can be no difficulty in making the valuation. All the persons interested are parties to this action; the Court can appoint a guardian *ad litem* to represent the two infant grandchildren; these persons (excluding Daniel) will value the land and report their valuation to the Court; if they disagree in their valuation, the highest will be taken as the

valuation. On the report being returned, Daniel will be called on to make his election whether he will take the land at that valuation; if he takes it, the sum will be divided as hereinafter stated; if he declines to take it, the Court will appoint a Commissioner to sell the lands on such terms as to credit and security as may be just. The proceeds will be subject to division exactly as the amount of the valuation will be if Daniel accepts the land at the valuation.

As to the mode of the division. It is too firmly settled by authority to admit of a question, that where a testator directs his property whether real or personal to be equally divided among his heirs, the division must be *per capita*, and not *per stirpes*. *Ward* v. *Stowe*, 2 Dev. Eq. 509; *Freeman* v. *Knight*, 2 Ired. Eq. 72; 2 Redfield on Wills 411, citing among other cases *Rayner* v. *Mowbray*, 3 Brown's, ch. cas. 234, where the Lord Chancellor or —— says: "When a rule has been laid down it is best to abide by it. We cannot be always speculating on what would have been the best decision in the first instance." And GASTON says, in *Freeman* v. *Knight*, that to doubt on such a question is "*quietas movere*." See also *Butler v. Stratton*, 3 Br. ch. c. 367 and Bonds Appeal, 31 Con. 183.

That the two grand children, William and Joseph, who are provided for in the first clause, are excluded from the distribution of this land mentioned in the second clause, cannot alter the application of the rule. It follows that the fund in question must be divided into eight parts, of which each of the six children (including Daniel) will take one, and each of the two grand children, Mary and Salvadora, one.

"Item 3. I will and bequeath that after my death all my remaining estate and effects, consisting of notes, accounts, household and kitchen furniture and farming utensils, &c., *be sold*, and the proceeds thereof be *equally divided* among all my heirs."

35

We think the testator did not intend that his notes and accounts should be sold. The executors will therefore collect them. The other property will be sold, and the proceeds of the sale will be divided into ten parts, viz : one part to each of the six children, and one part to each of the four grandchildren. The authorities cited equally govern this clause.

Let a decree be made declaring the rights of the parties according to this opinion. The case is remanded for further proceedings in the Superior Court. The costs will be paid by the executors out of the fund.

Let this opinion be certified.

PER CURIAM. Decree accordingly.