Johnson, J.
By the 14th and 15th items of his will, the testator directs that the proceeds of his personal estate be divided, “ equally, share and share alike, between all my aforesaid heirs.” At the time these words' were used and when the will took effect, he had children, and three grandchildren, the heirs of a deceased daughter. In the preceding clauses of the will, these children and grandchildren were each named, and he gave to each a specific legacy.
None of these were heirs in the strict legal sense, as he was then living, but each was an heir apparent, and each would have been an heir, had he died intestate. Hence the phrase, “all my aforesaid heirs,” was used to expressly include all such as were in fact heirs apparent. These residuary clauses of the will, did not direct a division among “ all his children,” or “ all his sons and daughters ” but “ between all his aforesaid heirs.” There is nothing found elsewhere in the provisions of this will, to warrant us in limiting this comprehensive expression to part only of' his heirs. To hold, that this phrase includes some of the heirs and excludes others, would do violence to the well-settled rule of construction, that the intention of the testator must be discovered from the words used, in connection with the other provisions of the will. The explicit direction that this division should be made “ equally, share and share alike,” entitles these grandchildren to talceper capita, and not per stirpes. Had this direction as to equality been omitted, a different result might have been reached in accordance with the judgment of the district court, and in harmony with numerous well considered cases, but the testator has left nothing for construction on this point. Each is to have an equal share. Dagget v. Slack, 8 Met. 450; Downing v. Smith, 3 Beav. 541; Lord v. Moore, 20 Conn. 122; Tuttle v. Pints, 68 N. C. 543; Vannorshall v. Van Deventer, 51 Barb. 138; Harris v. Philpot, 5 Ired. Eq. 324; Nutter v. Vickery, 64 Maine, 490; Lemacks v. Glover, 1 Rich. Eq. 141; *331 Witmer v. Ebersole, 5 Pa. St. 458; Campbell v. Wiggins, Rice Eq. (S. C.) 10; Ort’s Appeal, 25 Pa. St. 267.

Judgment accordingly.