CASE 60—PETITION EQUITY—MAY 16.

# McFatridge, &c., v. Holtzclaw.

APPEAL FROM MERCER CIRCUIT COURT.

CONSTRUCTION OF DEVISE—PER CAPITA DISTRIBUTION —Under a devise of property by a testator to be " equally divided between the heirs of my brothers and sisters, share, and share alike. as though my brothers and sisters were living," the children of the testator's brothers and sisters take *per capita* and not *per stirpes*, their parents being alive not only at the date of the will, but at the date of its publication.

POSTON & JACOBS, GAITHER & VANARSDALL FOR APPELLANTS.

The word "heirs" was used in the sense of children. (Thurman v. White's heirs, 14 B. M., 578; Harper v. Wilson, 2 A. K. Mar, 466; Feltman v. Butts, 8 Bush, 12 .)

    The words "equally divided," and "share and share alike," clearly import a distribution *per capita*. (Purnell v. Culbertson, 12 Bush, 369; Brown's Ex'or v. Brown's devisees,.6 Bush, 648.)

PHIL. B. THOMPSON, SR., FOR APPELLEES.

A distribution *per stirpes*, and not *per capita*, was intended.

CHIEF JUSTICE BENNETT DELIVERED THE OPINION OF THE COURT.

By the last will of S. S. McFatridge, he willed his estate to his wife for life. He willed the remainder interest in his estate as follows: "After the death of my wife, I wish my property disposed of and equally divided between the heirs of my brothers and sisters, share and share alike, as though my brothers and sisters were living."

The testator had no children, and at the time of his death and the publication of his will his two brothers, William and Harvey McFatridge, and his sister, Mrs. Holtzclaw, were living. One brother had

four children, one had two, and the sister had one. The widow of the testator having died, the question is, how do the children of the brothers and sister take—*per capita* or *per stirpes?*

In the case of Purnell v. Culbertson, 12 Bush, 371, Jarman on Wills, and other authorities, are quoted as establishing the following propositions: "Where the gift is to the children of two or more persons the division must be *per capita* and not *per stirpes;* as where the devise is to testator's brother A and the children of his brother B, there B's children each get as much as A; and where the testator gave two shares of his estate to the children of his sons A and B, to be equally divided between them, it was held that each of said family of children took *per capita* and not *per stirpes.* * * * The words 'equally to be divided,' when used in a will, mean a division *per capita* and not *per stirpes*, whether the devisees be children and grandchildren, brothers or sisters, nephews or nieces, or strangers in blood to the testator."

According to said case there can be no doubt that the words "equally divided between the heirs of my brothers and sisters, share and share alike," taken alone, mean that the devisees take *per capita* and not *per stirpes.*

But the words, "as though my brothers and sisters were living," are added. So the question is, do said words change the meaning of the preceding words, so as to make the children take *per stirpes* and not *per capita?* As said, the preceding words, considered without reference to the latter

words, clearly and unequivocally mean that the children of the brothers and sisters take *per capita* and not *per stirpes*, because they take equally from the testator and not as the representatives of their parents. They are named as children (heirs) of the testator's brothers and sisters as descriptive only of the class of persons that are to take, and the clause, "as though my brothers and sisters were living," if it has any significance whatever, it is certainly not that of limiting the right of the children to take *per stirpes* as the representatives of their parents. They were not only living at the date of the will, but at the date of its publication. And the reference to the devisees as the children (heirs) was descriptive only of the persons that were to take the estate. And if any meaning is to be given to the clause last quoted, it seems that it was intended to emphasize the fact that the children were to take *per capita;* for if the testator's brothers and sisters had been made the objects of his bounty, nothing in the will to the contrary, they would have taken *per capita*—share and share alike—and their children were to "share and share alike" the same as their parents would, if living and taking equal portions. This construction gives effect to both clauses of the provision quoted; but the construction placed upon the provision by the lower court destroys the first clause, giving the devisees equal portions of the estate, and makes them take *per stirpes* as the representatives of their parents.

The judgment is reversed, and the case is remanded with directions to enter judgment in accordance with this opinion.