# Taylor *v.* Cribbs, *et al.*

## *Partition and Division.*

(Decided Nov. 30, 1911. 56 South. 952.)

1. *Wills; Estates Taken; Per Capita.*—Where the devise was of a life estate with the provision that at the death of the life tenant without issue, the land should be divided equally between the bodily heirs of F. and J., the children of F. and J. would take per capita and not per stirpes, no contrary intention appearing in the will.

2. *Descent and Distribution; Personalty; Taking Per Stirpes.*—Under section 3755 and 3763, Code 1907, personalty inherited from an aunt would descend to nephews and nieces per stirpes.

APPEAL from Lamar Probate Court.
Heard before Hon. R. L. BRADLEY.

[Taylor v. Cribbs, et al.]

Partition and division between Nancy J. Taylor, and Nancy Cribbs and others, for a division according to a devise. From a judgment apportioning the property, Nancy Taylor appeals. Reversed and remanded.

JOHN S. STONE, for appellant. The devise was to the children of the women mentioned therein.—*Watson v. Williams*, 129 Ala. 362. The intention was clearly to provide for the grandchildren.—*Ballentine v. Foster*, 128 Ala. 638. They, therefore, take per capita.—*Campbell v. Noble*, 110 Ala. 382; 30 A. & E. Enc. of Law, 729, et seq. It, therefore, follows that the court made an improper division and distribution.

J. C. MILNER, for appellee. No brief reached the Reporter.

SOMERVILLE, J.—This was a proceeding in the probate court for the sale of land for division among joint owners, whose title came by devise from their common grandfather. The controversy relates solely to the quantum of interest to be awarded to the respective owners.

Item VI of the grandfather's will is decisive of this question, and it is as follows: "VI. I will, devise and bequeath to my daughter Serener Copelin eighty acres of land more or less lying and being in the county and state aforesaid and known and described as follows to wit, the South East quarter and North West quarter of the South West quarter of Section No. (11) Township No. 14 of Range 15, to have and to hold to my said daughter Serener Copelin during her natural life and at her death provided she dies without issue to be equally divided between the bodily heirs of Rosanah Fry and Margaret Jackson."

[Taylor v. Cribbs, et al.]

The appellant is one of the seven bodily heirs of Margaret Jackson, and the appellees are the five bodily heirs of Rosanah Fry, the two sets constituting the beneficiaries—twelve in number—who are named in the will. The probate court construed the will as giving a half interest to the bodily heirs of Rosanah Fry and a half interest to the bodily heirs of Margaret Jackson, and accordingly apportioned to the five children of the former an undivided one-tenth each, and to the seven children of the latter an undivided one-fourteenth each. This was clearly erroneous. The gift was not to Rosanah Fry and Margaret Jackson, or their children, but directly and solely to their children, for such is the unmistakable application of the phrase "bodily heirs"; and the use of the names of their respective mothers is descriptive merely. "Under a gift to the children of several persons, whether it be to the children of A. and B., or to the children of A. and the children of B., or to A. and B. and their children, or to a class and their children, all take per capita in the absence of an intention to the contrary on the face of the will."—30 Am. & Eng. Ency. Law (2d Ed.) 727, and cases cited. There is nothing in the will here exhibited which can possibly support the theory of a contrary intention, and these two classes of children will all take in equal part—per capita and not per stirpes.

The personal property, being inherited from Serena Copelin, an aunt, descended to the nephews and nieces per stirpes, and as to this property the decree of the probate court was free from error.—Code 1907, §§ 3755, 3763.

For the error pointed out the decree of the probate court will be reversed and the cause remanded for proceedings in accordance with the foregoing opinion.

Reversed and remanded. All the Justices concur, except Dowdell, C. J., not sitting.