IN RE ESTATE OF ANN E. WHITTAKER, Deceased.

HAZEL WHITTAKER et al., Appellants, v. EDWARD F. COTTER, Administrator, et al., Appellees.

JULIA MARTHA SANFORD, Appellee, v. ROY WHITTAKER et al., Appellants.

WILLS: Construction—"Equal Portion." The intent of the testator prevails, in the construction of a will, over (a) any arbitrary or technical rules of construction, (b) the form of the will, and (c) the order in which the devises are given. The construction of the will in question held to evince an intention to divide the devisees into two distinct classes and to give each class an "equal portion," even though one class embraced but one person.

PRINCIPLE APPLIED: Testatrix, a widow, was survived by one daughter, who had a surviving son, and by two other grandchildren, who were children of a deceased son, William W., who died prior to the making of the will. The will provided: "I hereby grant unto my daughter (naming her) an equal portion of my property both real and personal. . . . The balance of all my property real and personal to be given share and share alike to her children and to the children of William W. Whittaker, deceased." *Held,* the daughter constituted one class of devisees and took one half of the property, while the three grandchildren constituted another class, and each took one sixth of the property.

*Appeal from Pottawattamie District Court.—*E. B. WOODRUFF, Judge.    •

MONDAY, APRIL 10, 1916.

ACTION to construe a will.—*Affirmed.*

*Earl R. Ferguson* and *C. R. Barnes,* for appellants.

*John M. Galvin,* for appellees.

GAYNOR, J.—A determination of this appeal involves the consideration of two separate proceedings. The first grows out of the report of the executor of the estate of Ann E. Whittaker, in which is prayed for and given a construction of a will executed by her. The construction given is complained of by appellants, Hazel Whittaker and Roy Whittaker. The second proceeding involves the partition of the real estate left by Ann E. Whittaker, and also involves a construction of the same will, in so far as it affects the distribution of the proceeds of the property partitioned and sold.

WILLS: construction: "equal portion."

In the probate proceedings, as well as in the partition suit, Julia Martha Sanford claimed that, under the will, she was entitled to one half of the property left by decedent, and that Roy Whittaker, Hazel Whittaker and Charles F. Sanford were entitled to the other half, each to an undivided one sixth. The appellants, Roy Whittaker and Hazel Whittaker, in both proceedings deny that Julia Martha Sanford is the owner of one half of the said estate under the will, and claim that Roy and Hazel Whittaker and Charles F. Sanford are each entitled to one fourth of said estate; that Julia Martha Sanford was either not entitled to any portion of said estate, because of the indefiniteness in the will, or that she was entitled to only one fourth, or an equal share with the other persons named in the will.

There is no controversy as to the relationship of each of the parties to Ann E. Whittaker, the testatrix. Julia Martha

Sanford is the only surviving child of the testatrix. Charles F. Sanford is the son of Julia. The appellants, Roy Whittaker and Hazel Whittaker, are respectively the son and daughter of William W. Whittaker, a son of Ann E. Whittaker's, who died prior to the making of the will.

Ann E. Whittaker, the testatrix, died in Council Bluffs in the year 1903, and at the time of her death was a widow. She left surviving her Julia Martha Sanford and the three grandchildren hereinbefore named. At the time of her death, she left a will, which was executed on the 11th day of April, 1903, and was duly admitted to probate. By the terms of her will, she disposed of all her property to the parties named in the will. The grandchildren are not named in the will, but are spoken of as children of her daughter and her deceased son. The will is in the following language, and duly witnessed:

"I, Ann E. Whittaker, being of sound mind and aware of the uncertainties of life hereby declare this to be my last will and testament. First, I wish and hereby grant unto my daughter, Julia Martha Sanford, an equal portion of all of my property both real and personal which I may die seized. The same to be paid over to her as soon as possible after my death. The balance of all my property real and personal to be given share and share alike to her children and to the children of William W. Whittaker, deceased, when they are 26 years of age. The income to be divided yearly among them for their support and comfort. My household furniture, wearing apparel and jewelry to be divided among my relatives as directed by my sister Naomi. Second. Should my daughter, Julia Martha Sanford, not survive me then her share to go to the children as above directed. I hereby appoint my sister Naomi Dewey and my sister Emily R. Rishton my sole executors without bond with power to sell and convey property either real or personal. Either of my said executors to act either jointly or separately and in either case their acts to be legal and good as hereby directed by me. My said executors to pay first all my debts and funeral expenses including doc-

tors' bills and erect a shaft to cost about $100 at my grave to mark the resting place of myself and son.''

The only question here under this will is, What portion of the estate passed to Julia Martha Sanford? Having determined that question, the interests of the other parties become fixed by the wording of the will itself.

It is conceded by both parties that the intention of the testatrix must control; that the will must be construed as a whole, and not in parts.

As said in *Richards v. Richards,* 155 Iowa 394:

''If there be any rule at present, it is that testator's intent, as gathered from the will, will prevail over any arbitrary or technical rules of construction; and that, no matter what the form of the will or the order in which the devises are given, testator's intent must prevail.

As said in *Elberts v. Elberts,* 159 Iowa 332:

''The will should be construed as a whole, and if possible, effect be given to each and every provision thereof, and to avoid, if possible, any construction or interpretation which would defeat the manifest purpose and intent of the testator, as expressed in the will.''

See *Boekemier v. Boekemier,* 157 Iowa 372; *Iimas v. Neidt,* 101 Iowa 348; *Kalbach v. Clark,* 133 Iowa 215.

It is apparent, therefore, that, in construing this will, it is our duty, if possible, to find in the wording of the will the intention of the testatrix as to the disposition of her property, and as to the manner of its disposition. It will be noticed that, in the first division of her will, and in the first disposition that she attempts to make in her will, she has in mind her daughter Julia. Therein she gives evidence of an intent on her part to give to this daughter something. She says ''an equal portion of all my property.'' She next has in her mind her grandchildren. She does not mention them by name. She speaks of them as the children of her daughter before mentioned, and the children of her son William. What does she

mean when she says, "I give an equal portion to my daughter, and the balance to these grandchildren?" It is evident that she had in her mind a line of demarcation between her children, and we think that her intent can be gathered from the instrument itself, and this intent was to give an equal portion to the daughter, and another equal portion to the grandchildren, an equal portion to each class, separating them into classes, and the portion to the second class to be divided equally between the members of that class.

It is true that she does not make this line of demarcation as clear in her will as it might be made, nor does she speak of any of the devisees as her grandchildren. She is presumed, however, to know the relationship existing, and she gives to her daughter an equal portion with the grandchildren, thus dividing the property into two equal parts; and, after making the devise to the daughter, she says, "The balance of all my property real and personal to be given share and share alike to her children, and to the children of my deceased son," without naming or indicating a knowledge on her part of the number of the grandchildren surviving. If she had intended to make the disposition contended for by appellants, she would not have separated the disposition of her property as indicated in the will. She would have given to the daughter, to the children of the daughter, and to the children of the son, the entire property, share and share alike. This she has not done. She makes first a provision for the daughter; gives to her an equal portion of her estate; then provides that the balance, another equal portion, shall be divided among the grandchildren.

This is the construction placed upon the will by the court below, and we think it a fair interpretation of the intent and purpose of the testatrix as gathered from the will. We find no reason for interfering with the finding of the lower court upon this proposition, and both cases are therefore—*Affirmed.*

EVANS, C. J., LADD and SALINGER, JJ., concur.