## ROGERS *v.* SMITH *et al.*

A testator devised all his property, real and personal, to his wife during her natural life. After her death certain property was to go to named devisees, and then all the remainder of his estate was "to be divided equally between the heirs of" his deceased brothers (naming them), "share and share alike." At the date of the execution of the will, and

at the death of the wife, there were five children of one of the deceased brothers living, and one child of the other deceased brother in life. *Held*, that the word "heirs" as used in the clause of the will above quoted is to be construed the same as if the word "children" had been employed, and the devise is in effect a bequest in remainder to be equally divided between the children of testator's deceased brothers, share and share alike, and they take under the will per capita, and not per stirpes.

MAY 15, 1916.

Equitable petition. Before Judge Brand. Jackson superior court. January 4, 1915.

*Gober & Jackson* and *W. I. Heyward*, for plaintiff in error.

*W. W. Stark* and *G. W. Hendrick*, contra.

HILL, J. J. T. Rogers died in February, 1912, leaving a will which was executed on January 30, 1912. His wife died in July, 1912. His will was duly probated before the widow's death. Omitting formal portions, it was as follows: "Item 1. I give and bequeath unto my beloved wife, Martha E. Rogers, during her natural life, all my property both real and personal, for her use and enjoyment, and after her death to be disposed of as follows: Three thousand dollars to S. C. O'Kelly or his heirs if he be dead, three thousand dollars to Mrs. Lucy Goss or to her heirs if she be dead, and three thousand dollars to Mrs. Sallie Tolbert or to her heirs if she be dead. And all the remainder of my estate to be divided equally between the heirs of my deceased brothers, Franklin Jackson Rogers and John Rogers, share and share alike. Item 2. It is my will that my estate be kept together in any event till all the notes I hold against parties are due and collected. Item 3. The amount that will be going to the heirs of my deceased brothers' children, as mentioned in Item one of this will, will be about twenty thousand dollars, as I estimate my estate at about thirty thousand dollars. Item 4. I hereby constitute and appoint W. M. Thomas and E. B. Anderson executors of this my last will and testament."

The present suit was brought by Mrs. Bessie Smith, the daughter of Franklin Jackson Rogers and niece of the testator, against the executors of the testator, to have the will construed, and to recover one sixth undivided interest in all the estate of J. T. Rogers, less commissions and expenses of administration. She alleged that Franklin Jackson Rogers, one of the brothers of the testator, died prior to the death of the testator, leaving five chil-

dren, namely, Mrs. Bessie Smith, Mrs. Ruby Roberts, Willie Rogers, Wesley S. Rogers, and E. M. Rogers. John Rogers died at some time prior to January, 1912, leaving only one heir, Charles G. Rogers. The six children above named are all the heirs of Franklin Jackson Rogers and John Rogers, deceased. Charles G. Rogers, the only heir of John Rogers, claims that he is entitled to one half of the estate now in the hands of the executors, and on this information the executors have refused to pay out the estate without direction of the court.

The case was submitted to the trial judge, on the pleadings, for decision. He held that the estate should be distributed among the contending parties per capita, and not per stirpes; and that each of the named children of the two brothers should receive one sixth interest in the property in controversy. To this judgment Charles G. Rogers excepted. The sole question is whether, under the will of J. T. Rogers, Charles G. Rogers took one half interest, or whether he took one sixth interest in common with the other five devisees. There were children of each brother in existence when the will was made. At that time there were persons who answered the description as to the heirs of Franklin Jackson Rogers and John Rogers, who were then deceased; and at the time of the death of the testator the same persons answered that description, to wit, the children of the two brothers named. Furthermore, section 3660 of the Civil Code of 1910, with reference to limitations over, under the liberal construction placed on the words "limitation over" in the case of *Ewing* v. *Shropshire,* 80 *Ga.* 374 (7 S. E. 554), would apply to a remainder over after a life-estate in all the property given to the wife of the testator. Then, too, after giving certain stated amounts to others, all the remainder of the testator's estate was to be equally divided "between" certain persons, and that stated a limitation over in the broad and liberal sense it was said was intended in the above code section cited. There was a limitation over, after the death of the wife, to certain persons, and those certain persons were described as the "heirs" of the deceased brothers of the testator; and under the above code section the word "heirs," as here used, was the equivalent of "children." A limitation over to the heirs of the deceased brothers of the testator, the brothers being dead when the will was executed, was equivalent to a limitation over to the children of the deceased brothers.

There are a number of decisions holding that when the word "children" is used, as the children of A and B, they take per capita, because it is the same as saying to A and B and C, the children being determined and fixed and described, and they being words not of limitation or inheritance, but of purchase. If under our statute this is to be construed as a gift over to the children of A and B, then prima facie it would be to them per capita, and would be so construed unless there was something to indicate a contrary intention and that a distribution was to be had per stirpes. Is there anything to show that there was to be a distribution among them per stirpes? The word "between" primarily denotes two classes of objects. This is a meaning, however, which is not commonly observed in ordinary writing and speech. In Senger v. Senger, 81 Va. 687, 698, Richardson, J., in discussing the meaning of the word "between" in the following clause of a will, namely, "It is my will and desire that all of my estate be equally divided between the children of my deceased son, Joseph Senger, and the children of my daughter, Elizabeth Showalter, taking into consideration what I have already given them," said: "It is well known that the same words are often capable of different meanings according to their collocation and connections. And the same prepositions are, for the most part, differently used and placed and do then express different ideas. But when they follow the word 'divide,' their general signification is very similar, and in popular use are considered synonymous; though 'among' denotes a collection and is never followed by two of any sort, whilst 'between' may be followed by any plural number, and seems to denote rather the individuals of the class, than the class itself generically."

As above noted, the brothers mentioned by the testator were already dead when he made the will; therefore he was not dealing with his brothers and then with their descendants or heirs as a class taking under them, but was dealing with a class already fixed when he made the will. The devise was not to his brothers and after their death to their representatives or heirs, but to the "heirs of my deceased brothers," and under our statute the gift was equivalent to one to children already in existence, and thereby the description became a fixed description. Then, too, knowing that his brothers were both dead, knowing the situation, the

testator declared that the remainder of his estate was to be divided between the beneficiaries, "share and share alike." He did not say between the heirs of one brother and the heirs of the other, but he said between the heirs of the two brothers, who were then dead. So there was a class established—a single class of persons who were met by the heirs of both brothers, and referring to them he said share and share alike. Did he mean a share to the heir of one brother and a share to the heirs of another brother? If he had said to the children of A, share and share alike, he would unquestionably have given it to them per capita; and when he says to the heirs of A and B, does he not mean the same thing? Here all the persons are in the same channel of descent; are in the same relation or degree to the testator, and, respectively, to his brothers. It is a question of distribution among living persons, all of whom were living when the will was made, all of whom were living when the testator died, and all of whose ancestors in the line of the testator were dead; and it is not a question of some one coming in to take the place of some one who was primarily to take, and whether those who thus came in by representation would come in on equal terms, or take the place of those under whom they claimed. No one claimed by representation under any one else; but it is simply a question of how the persons entitled to take are designated in the will. We hold that "heirs," as used in the will, is to be construed the same as "children," so that the devise, in effect, was a bequest in remainder to be equally divided between the children of Franklin Jackson Rogers and John Rogers, share and share alike, and that it was intended that they should take per capita and not per stirpes. In connection with the general subject, see: Tuttle *v.* Pruitt, 68 N. C. 543; Hoxton *v.* Griffeth, 18 Gratt. 574; McFatridge *v.* Holtzclaw, 94 Ky. 352 (22 S. W. 439); Brown *v.* Brown, 69 Ky. 648; Seay *v.* Winston, 26 Tenn. 472; Hill *v.* Bowers, 120 Mass. 135; In re Griswold, 4 Mills, 137 (86 N. Y. Supp. 250); 2 Jarman on Wills (Randolph & Talcott), 756.

*Judgment affirmed. All the Justices concur.*