The facts are stated in the opinion by HUNTER, J., of the court below, SINKLER, P. J., KLEIN, BOLGER, LADNER and HUNTER, JJ., as follows:
The testator died in 1926 and by his will gave the residue of his estate upon the decease of the survivor of his widow and daughter, his daughter having died without issue, "unto the heirs and legal representatives of my brother James Love and my sister Emily B. Stone living at that time."
The testator's daughter, the surviving life tenant, died without issue in 1948.
James Love and Emily B. Stone were deceased at the date of the will, and their "heirs", if determined at the death of the testator, were nine children.
James had three children, of whom two are living, and one died without issue.
Emily had six children, of whom one is living, one died without issue, and four died leaving issue. These issue in the several stirps are thirteen grandchildren, and two great-grandchildren, the children of a deceased grandchild. *Page 107 
The Auditing Judge awarded the fund per capita to the three living children of James Love and Emily B. Stone, and excluded the issue of deceased children.
The conclusion of the Auditing Judge was that the gift was to the nine children, subject to the qualification that they be living at the time of the death of the life tenant. The exceptants, who are the issue of deceased children, contend that the "heirs" were not the persons who were heirs at testator's death, but were those who were heirs at the life tenant's death.
There are two statutes which require that "heirs" be determined at the time of distribution, the Act of June 29, 1923, P. L. 914, 21 PS 11, and the Wills Act of 1947, P. L. 89, § 14 (4), 20 PS 180.14, neither of which has a direct application to the instant case, the Act of 1923 because it applies only to the "heirs" of the testator himself, and the Wills Act of 1947, which applies to the "heirs" of all persons but is not retroactive.
These Acts do, however, throw light on the problem of a gift to "heirs", because as was said by Mr. Chief Justice MAXEY inLaughlin's Est., 336 Pa. 529 (536), they may be: "referred to as a legislative establishment of a statutory presumption, and it is reasonable to believe that this presumption is 'a conclusion firmly based upon the generally known results of wide human experience.' "
The rule generally recognized by the courts prior to the death of this testator was that the heirs of a person other than testator must be determined at that person's death, or more exactly, as applied to the facts of this case, at the death of the testator, the named persons having died in testator's lifetime: Milligan's Est., 244 Pa. 161; Dutilh'sEst., 286 Pa. 389; saving always the right of the testator to direct otherwise: Stewardson's Est., 16 Pa. D. C. 195.
The direction of this will is that the heirs be "living at that time", the death of the life tenant. This we are *Page 108 
persuaded indicates a gift to a class ascertained at the death of the life tenant, composed of those who answer the description at that time. A contingent gift to a "then living" class of "heirs", "issue", "descendants", or any other class subject to fluctuation, requires the postponement of both vesting and membership.
The appropriate rule is that a legacy to a class, as set forth in Billings's Est., 268 Pa. 67 (70): "A gift to a class has been defined as a gift of an aggregate sum to a body of persons uncertain in number at the time of the gift, to be ascertained at a future time, who are all to take in equal or other definite proportions, the share of each being dependent for its amount upon the ultimate number: 40 Cyc. 1473. The members who are to constitute the class are to be determined at the time of distribution: Haskins v. Tate, 25 Pa. 249."
In our opinion, the rule that the "heirs" of a person other than testator are those living at such person's death, is overcome by the express direction of the testator that they be "living at that time", the death of the life tenant:Stewardson's Est., 16 Pa. D. C. 195, supra.
We conclude, therefore, that the "heirs" of James Love and Emily B. Stone, entitled under the provisions of the will, are the three children who were living at the death of the life tenant and the living issue of those who predeceased.
The second question is whether the heirs shall be divided into two classes and each class receive one-half of the estate, or whether they shall be treated as one class and each child receive a per capita share, the issue of a deceased child taking the parent's share?
In Lenhart's Est., 344 Pa. 358, the testator gave the residue of his estate "to the children of my sister Lizzie B. McCormick and the children of Charles E. Lenhart [a brother] share and share alike". The Court said that the applicable rule was that stated in 2 Jarman on Wills 1687 (7th Ed.): "Where a gift is to the children of *Page 109 
several persons, whether it be the children of A or B, or to the children of A and the children of B, they take per capita, not per stirpes."
Our testator's will comes within the clearer illustration of the two given above, that of a gift to the "heirs of A and B" which indicates a single class.
There is a further principle that when legatees stand in the same degree of relationship to the testator, the distribution is per capita and not per stirpes. In Scott's Est., 163 Pa. 165, the testatrix gave the residue of her estate "to be divided among my nephews and nieces, to wit: The legal heirs of Mrs. Lilly A. Gwin [a sister], the heirs of my deceased brother James A. Scott, and the lawful heirs of my beloved brother John W. Scott, and Anna R. Stuckey [a niece], each to take share and share alike". The controlling word was of course that "each" should take a share, but the court as well applied the analogy of the Intestate Laws that if persons stand in the same degree of consanguinity "if there shall be more than one, they shall take in equal shares". This analogy was also applied inLenhart's Est., supra.
See also in support of a per capita distribution: Garnier v.Garnier, 265 Pa. 175; Davis's Est., 319 Pa. 215; RosengartenEst., 349 Pa. 32.
In a distribution among "issue" (Mayhew's Est., 307 Pa. 84) or "heirs" (Hoch's Est., 154 Pa. 417), those nearest in degree take per capita, and those more remote a deceased parent's share.
We agree with the Auditing Judge that the distribution is per capita, among the nieces and nephews, but we include among the "heirs" the issue of deceased nieces and nephews who take a deceased parent's share.
The exceptions are sustained, and the adjudication as modified is confirmed absolutely.
Testator's children living at death of life tenant appealed. *Page 110 
Decree affirmed on the unanimous opinion of the learned Orphans' Court of Philadelphia County.