IRENE GILBERT et al., appellees, v. ELSIE M. WENZEL et al.,
appellants.

No. 48975.

(Reported in 78 N.W.2d 793)

October 16, 1956.

 █ 

James B. Smith, of Perry, for appellants.

H. E. Newton, of Stuart, for appellees.

GARFIELD, J.—The question presented is whether testamentary beneficiaries took interests in testator's realty per capita or per stirpes. The district court held a per capita distribution among testator's grandchildren was intended. We affirm the decision.

Josiah Early died testate February 28, 1917. Paragraph 2 of his will, made March 13, 1915, when he was 79, devised a life estate in all his property to his wife Sarah A. and his daughters Hannah Elizabeth and Flora Caroline "so long as they or either of them survive me. * * * if either of the parties herein mentioned should marry * * * she shall relinquish said life interest * * *."

The vital provision is paragraph 3: "At the death of the life tenants * * * I hereby direct that the remainder shall be divided equally between the heirs of C. A. Early and Alice Floretta Downing, and Hannah Elizabeth Early, should she marry and forfeit her life interest therein, or their heirs." The only other provisions are for payment of debts and expenses in paragraph 1 and nomination of Hannah Elizabeth as executrix in paragraph 4.

C. A. Early was a son and Alice Floretta Downing a daughter of testator. They survived him together with his widow and daughters Hannah Elizabeth and Flora Caroline, both of whom never married and of course had no children. The son C. A. Early had one child, Elsie M. Wenzel, who with her husband Otto are defendants. (We disregard the fact Otto is a defend-

ant.) The daughter Alice Floretta Downing had ten children ranging in age from 11 to 33 when the will was made. Defendant Elsie was then 20.

Incidentally, since Hannah Elizabeth never married she did not "relinquish" or "forfeit" her life interest. Nevertheless we regard the provision of paragraph 3 which names this daughter as of some significance upon this appeal.

Plaintiffs are the six living children, and children of the four deceased children, of testator's daughter Alice Floretta Downing. The three life tenants named in paragraph 2 having died, plaintiffs brought this action for partition of the realty left by testator. They claim the ten children of Alice Floretta Downing and defendant-daughter of C. A. Early took per capita and not per stirpes—each a one-eleventh interest. Defendant, on the other hand, contends distribution should be per stirpes— she owns a half interest and plaintiffs the remaining half. The district court held the will provided for a per capita distribution among the grandchildren. Defendant has appealed.

A division per capita means by a number of individuals equally or share and share alike. A division per stirpes is where those of more remote kinship to decedent take by right of representation. Proctor v. Lacy, 263 Mass. 1, 160 N.E. 441, 444, and citations. See also Central Hanover Bank & Trust Co. v. Helme, 121 N.J. Eq. 406, 190 A. 53, 63; 3 Page on Wills, Lifetime Ed., section 1070; 70 C.J.S., page 448.

The authorities agree the determining factor in ascertaining whether beneficiaries under a will take per capita or per stirpes is the intention of the testator. This is to be reached from the language used as applied to the surrounding circumstances and the conditions present in testator's mind when the will was made. Wright v. Copeland, 241 Iowa 447, 455, 41 N.W.2d 102, 107, and citations; Jones v. Lewis, 70 Ohio App. 17, 44 N.E.2d 735, 743; annotation 13 A. L. R.2d 1023, 1028. See also Clapper v. Clapper, 246 Iowa 899, 900, 70 N.W.2d 145, 146; Miller v. Smith, 179 Ore. 214, 170 P.2d 583, 584; 3 Page on Wills, Lifetime Ed., section 1072; 57 Am. Jur., Wills, section 1291.

Paragraph 3 of the will provides that at the death of the life tenants the remainder shall be divided equally between the heirs of his married son and daughter and, if the daughter Han-

nah Elizabeth should marry, her heirs. Technically a person's heirs are those upon whom the law casts the estate immediately on the death of the ancestor. In re Estate of Austin, 236 Iowa 945, 947, 20 N.W.2d 445, 447, 162 A. L. R. 709, 712, and citations; Lincoln J.S.L. Bank v. Mitchell, 239 Iowa 995, 1000, 33 N.W.2d 388, 391. Strictly speaking a living person cannot have heirs because they cannot be ascertained until he dies. Citations last above, also Westcott v. Meeker, 144 Iowa 311, 324, 122 N.W. 964, 29 L. R. A., N.S., 947; Kalbach v. Clark, 133 Iowa 215, 222, 110.N.W. 599, 12 L. R. A., N.S., 801, 12 Ann. Cas. 647.

We have repeatedly held under varying circumstances the term "heirs" is not always used in its strict legal sense but its meaning in a particular instance is determined from the will and surrounding circumstances. Wright v. Copeland, supra, 241 Iowa 447, 453, 41 N.W.2d 102, 106, and citations; In re Estate of Austin, supra.

We think it clear testator did not use the term "heirs" of his married son and daughter in its technical sense but in the sense of their children, testator's grandchildren. As we shall point out, in at least two other respects the will does not draw fine distinctions between words. Testator's children and grandchildren were all living when the will was made. His married son and daughter were of course the only children of testator who in turn had children of their own although his unmarried daughters would, at their death, have heirs in the strict legal sense. The will directs an equal division between the beneficiaries at the death of the life tenants even though the married son or daughter should then be living.

This last fact not only indicates "heirs" was not used in its technical sense but tends to establish testator was not thinking of the takers as representing their respective parents and lessens the probability he intended a per stirpes distribution. Restatement, Property, section 301, Comment f, page 1646.

In Kalbach v. Clark, supra, 133 Iowa 215, 216, 222, 110 N.W. 559, 600, 12 L. R. A., N.S., 801, 12 Ann. Cas. 647, the will, quite similar to this one, provided: " 'At her [life tenant's] death I wish the principal to be equally divided among the heirs of my four children [naming them].' " In holding "heirs" was used as

meaning "children" we said : "Testatrix evidently used the words 'the heirs of the four children' as the equivalent of 'children,' for she directed that distribution be made among them upon the death of the life tenant. The words are not used to denote succession, but to describe the legatees who were to take under the will, and they should not be given their strict legal meaning, for this was evidently not the testator's intention. [Citations.]"

The term "heirs" in a testamentary gift to the heirs of two or more persons is usually used in the sense of "children" or "descendants." Annotations 16 A. L. R. 15, 79; 13 A. L. R.2d 1023, 1057. See in this connection Rogers v. Smith, 145 Ga. 234, 88 S.E. 963, 964; McFatridge v. Holtzclaw, 94 Ky. 352, 22 S.W. 439; Jones v. Lewis, supra, 70 Ohio App. 17, 44 N.E.2d 735, 740, 741; In re Love's Estate, 362 Pa. 105, 66 A.2d 238; Driskill v. Carwile, 145 Va. 116, 133 S.E. 773 (citing Kalbach v. Clark, supra, 133 Iowa 215, with approval and quoting from it at length).

Since testator apparently used the term "heirs" of his married son and daughter in the sense of their children we have no difficulty in agreeing with the trial court a per capita distribution among them was intended. The gift is direct to individuals, not by right of representation. The words used describe those who are to take. The will provides for an equal division between the beneficiaries, not for an equal division between the married son and daughter and then a division of each half to their respective children. The beneficiaries, grandchildren, all stood in equal degree of kinship to testator. See Kalbach v. Clark, supra, 133 Iowa 215, 223. See also In re Estate of Whittaker, 175 Iowa 718, 157 N.W. 135.

We have held : "* * * when an estate is devised to be divided equally between certain persons, whether specifically named, or designated by more general terms, as the children or heirs of certain persons, the language imports the taking of an equal share by each legatee, in the absence of other provisions showing a contrary intention. In other words, they take per capita, and not per stirpes." Kling v. Schnellbecker, 107 Iowa 636, 638, 78 N.W. 673.

The annotation 16 A. L. R. 15, 61 et seq., cites numerous decisions for the proposition that under a bequest to the children

of several persons the children take per capita and not per stirpes, in the absence of words indicating a different intention. The same rule applies to a bequest to "heirs" of two or more persons at least where, as here, some term implying equality of distribution is used. Id., page 79. See also later annotations 78 A. L. R. 1385, 1404, 1407; 126 A. L. R. 157, 175; 13 A. L. R.2d 1023, 1054–5, 1057.

Appellants argue use of the word "between" in paragraph 3 indicates a division per stirpes was intended. It is true "between", strictly speaking, imports a division between two individuals or groups and, standing alone, is some evidence a distribution per stirpes was intended. "Among", indicating a division between more than two, should have been used here. However, courts have repeatedly recognized that "between" is frequently used in the sense of "among." Wright v. Copeland, supra, 241 Iowa 447, 454, 455, 41 N.W.2d 102, 106, 107, and citations; McIntire v. McIntire (Holmes, J.), 192 U. S. 116, 121, 24 S. Ct. 196, 48 L. Ed. 369, 371; Rogers v. Smith, supra, 145 Ga. 234, 88 S.E. 963, 964; annotations 16 A. L. R. 15, 26-28; 13 A. L. R.2d 1023, 1037–8; 3 Page on Wills, Lifetime Ed., section 1084.

This will directs a division "equally between the heirs" of the son and married daughter. When such a word as "equally" is used the significance of "between" is normally nullified. Restatement, Property, section 301, Comment j, page 1650. And see citations last above.

Little if any weight may be given use of "between" here. Paragraph 2 of the will twice uses "either" to refer to any one of three life tenants when, strictly speaking, "any" or "any one" should have been used. It is not unlikely that a person who would thus use "either" would also use "between" as meaning "among." In re Bayard's Estate, 340 Pa. 488, 17A.2d 361, 364, 365 (cited with approval in Wright v. Copeland, supra, 241 Iowa 447, 455, 41 N.W.2d 102, 107).

Further, it is clear testator did not use "between" to refer to an equal division between the heirs of his son on the one hand and the heirs of his married daughter on the other, since the heirs of Hannah Elizabeth were also included in the devise of the remainder if she should marry.

There are at least two other indications, though perhaps of slight weight, testator treated "the heirs of C. A. Early and Alice Floretta" as a single group. He did not say the division should be between the heirs of his son and the heirs of his married daughter—he said "between the heirs of" both. (See Rogers v. Smith, supra, 145 Ga. 234, 88 S.E. 963, 964.) By the words at the end of paragraph 3, "or their heirs" (i.e., the heirs of testator's grandchildren), testator may be said to have grouped his grandchildren in one class, individuals of which are indistinguishable one from another as objects of his bounty. Bisson v. West Shore R. Co., 143 N.Y. 125, 38 N.E. 104, 105.

Some decisions hold in effect that where resort must be had to the statutes of descent to ascertain the objects of testator's bounty it is presumed they take the shares they would have taken under these statutes. 57 Am. Jur., Wills, section 1303; 69 C.J., Wills, section 1316. Johnson v. Bodine, 108 Iowa 594, 595, 79 N.W. 348, is such a precedent. There the estate was to " 'be divided between my heirs at law.' " Nothing in the will indicated an equal division among them was intended. We therefore held the presumption prevailed and distribution should be per stirpes.

A result contrary to that of Johnson v. Bodine, supra, is frequently reached where "heirs" is used in its technical sense but, as here, the will provides for an equal division among them. Bisson v. West Shore R. Co., supra, 143 N.Y. 125, 38 N.E. 104; Mooney v. Purpus, 70 Ohio St. 57, 70 N.E. 894, 896, and citations; 3 Page on Wills, Lifetime Ed., section 1082, page 292; 57 Am. Jur., Wills, section 1303; 69 C.J., Wills, section 1316. See also Restatement, Property, section 310, Comment e, page 1733. Since we hold the term "heirs" of the son and married daughter is the equivalent of children, the presumption referred to in Johnson v. Bodine and like decisions is not applicable here.

We note now several precedents from other jurisdictions in support of our holding. Following the citation is the language of the will, quite similar to that used here, held to provide for a per capita division:

Taylor v. Cribbs, 174 Ala. 217, 218, 56 So. 952, " ' * * * at her [life tenant's] death * * * to be equally divided between the bodily heirs of Rosanah Fry and Margaret Jackson.' "

Rogers v. Smith, supra, 145 Ga. 234, 235, 88 S.E. 963, " 'And all the remainder * * * to be divided equally between the heirs of my deceased brothers [naming them] share and share alike.' "

Roe v. Reddick, 202 Ga. 171, 42 S.E.2d 358, 359. Subject to a life estate the devise was " 'to the heirs of the said [named sons]'."

McFatridge v. Holtzclaw, supra, 94 Ky. 352, 22 S.W. 439. " 'After the death of my wife * * * equally divided between the heirs of my brothers and sisters, share and share alike * * *.' " The court states (page 354 of 94 Ky., page 440 of 22 S.W.): "They are named as children (heirs) of the testator's brothers and sisters as descriptive only of the class of persons that are to take."

Wooten v. Outland, 226 N.C. 245, 246, 37 S.E.2d 682. " 'The balance to be equally divided among the heirs of [two named uncles and three named aunts].' "

Jones v. Lewis, supra, 70 Ohio App. 17, 22, 44 N.E.2d 735, 740, " '* * * after all my children are dead thence said stock is to go to my children's heirs.' "

Miller v. Smith, supra, 179 Ore. 214, 215, 170 P.2d 583, 584. Remainder estate left " 'Unto the heirs at law of [two named nieces and two named nephews] equally—share and share alike.' " The court says its decision is in keeping with the great weight of authority.

In re Love's Estate, 362 Pa. 105, 106, 66 A.2d 238, 239. At the termination of the life estate the residue was left " 'unto the heirs and legal representatives of my brother James Love and my sister Emily B. Stone living at that time.' "

Driskill v. Carwile, supra, 145 Va. 116, 118, 133 S.E. 773, " '* * * at their [life tenants'] decease, I direct the same to be sold and equally divided between the living heirs of my [six] brothers and sisters.' "

In view of our conclusion "heirs" is used here as meaning "children" we may add to the above list (which is by no means exhaustive) McIntire v. McIntire, supra, 192 U. S. 116, 120, 24 S. Ct. 196, 197, 48 L. Ed. 369 (" 'The remainder if any, is to be equally divided between my Brothers Edwin and Charles children.' "), and Hoadley v. Beardsley, 89 Conn. 270, 276, 93A.

535, 538 (" "* * * the remainder * * * shall be equally divided * * * between the legal issue' " of the five nephews and of the niece of testatrix).

It will be noticed several of the wills in the cited cases use "between" as the equivalent of "among."

We have carefully considered the authorities cited by defendant. Most of them are not in point. We deem it unnecessary to analyze them here. We are satisfied our decision finds ample support in our own precedents and is in accord with the clear weight of authority generally.

The trial court held the respective shares of those of testator's grandchildren who died before the end of the life estate, when time for distribution arrived, passed to their children. No complaint is made of this part of the decision by either side and we need not consider it. Defendant states at the beginning of her argument, "The only question for review is whether 'the heirs of C. A. Early and Alice Floretta Downing' take per stirpes or per capita." We will say, however, there is no inconsistency between our holding that a division per capita among testator's grandchildren was intended and the trial court's decision as to the shares of the grandchildren who did not survive the life estate.—Affirmed.

All JUSTICES concur.