Chief Justice Marshall
delivered the opinion of Hie Court.
This case presents for construction the following clause in the will of George Downing, viz;
“All the residue of my estate whether real personal or mixed, not herein otherwise disposed of, I desire may be equally divided after my death between my brother John Downing, my two sisters Elizabeth Cameron and Nancy Gibson and the children of sister Nelly Lachland, to them and their children forever, it being my desire that the portions allotted to my brother John and my two sisters and the children of my deceased sister Nelly Lachland shall be made as nearly equal 'as possible, both in kind and in amount.”
Two questions are made with respect to the interests created by this clause, 1st, do the words “ and their children forever,” give an interest to the children of the devisees previously designated, or are they merely' words of limitation or perpetuity annexed to. the previous devise? And 2d, does the previous devise entitle the children of the deceased sister Nelly Lachland to have each an equal portion with the living brother and sisters, or does it entitle them to such portions collectively ?
Upon the first question we think there is no room for doubt. The division is in the first place directed to be *33 made equally between the brother, the two sisters, and the children of the deceased sister, and the latter part of the clause again directs equal portions to be allotted to the brother, the two sisters, and the children of the deceased sister, and there is no direction that any thing shall be allotted to the children of these devisees. The devise consists only in the direction or desire that the residue be thus divided, and as there is no direction for a division or allotment, except between the brother and two sisters and children of the deceased sister, there is no other devise but to them, and theyfiare the only devisees. If the children of these devisees were intended to come into the allotment they would have been mentioned or included in one of the clauses directing the allotment. And if it could be supposed that the words “ to them and their children forever,” were intended to make the children participants in the division, the fact that they are not included in the latter clause which states explicitly between what parties the allotment is to be made, and designates only the first devisees, is equivalent toan express exclusion of their children, and thus determines the construction of the previous words if it were otherwise doubtful. But even without -this latter clause, we think it would be sufficiently clear that the words “ to them and their children forever,” are mere words of inheritance, children being • used in the sense of heirs or heirs of the body. The testator does not desire his estate to be divided to his brother John, &c., but between his brother John and others designated, “to them and their children forever.” These last words do not coalesce with the direction to divide, so as to continue the same idea and to embrace the children in the direction for a division, as might have been in some measure indicated if the words had simply been “and their children.” But the words as actually used evidently occupy the place of what is called the habendum, and is an abridgement of the usual habendum clause, the office of which is not to introduce new grantees or donees, but to describe the interest or estate of those already named of designated. The testa *34 tor directs the residue to be equally divided, not between his brother and his children, and his two sisters and their children, and the children of his deceased sister and their children, but between his brother and two sisters and the children of another, to them, &c., that is, to have and to hold to them and their children. forever. In the next preceding clause he “gives to his friend Mrs. P. H. W., three hundred dollars in money to her and her children forever,” which is, W'e think, a clear illustration of the sense in which he used the words in question, or rather of the efFect they were intended to have as indicating an absolute gift in perpetuity to the previously named donee.
“To be equally divided between my brother J. D. and my two sisters, E G and N G, and the children of my sister N L, to them and their children forever, it being my desire that the portions allotted to my brother J D, and my two sisters, and the children of my deceased sister, shall be made as nearly equal as possible, both in itind * amount.” Held, 1st: That the estate shall be divided into four equal parts. 2d: The children of N L, collectively talcing one fourth. 3d: That the words, “and their children for ever,” are words of limitation, used instead of the term ‘heirs.’
As to the second question, we think there is scarcely more room to doubt the testators intention, although upon the words of the clause it may not be susceptible of such full and satisfactory proof. But where the testator shows such solicitude to effectuate that justice which consists in equality of distribution among those who were equally the objects of his bounty and affection, we should deem it proper and indeed necessary, in the absence of any peculiar fact or expression of a contrary tendency, to presume the testator’s feelings and benevolence flowed in the usual channels, and to construe all ambiguous expressions in conformity with this presumption. Then as no reason appears why the testator who is so particular in desiring equality between his living brother and sisters, should place the children of a deceased sister each upon an equality with the living brethren, we should expect and require some clear and unequivocal indication of such an intention, in order to establish its existence. The phrase “the children of my deceased sister,” &c., denotes a class, and although it indicates that each individual of that class stands equally in the favor of the testator, it does not in itself import that each of them stands equal with others of a different class who are nearer to the testator,' and just as near as the ancestor of the children would herself have been if living. On the contrary when these children are referred to as a class or collective body with *35 out any expression to denote individuality, and when there is no other class or individual referred to, that stands in the same relation to the testator, the natural inference seems to be that they were to take as a class or collective body the equal portion or interest given to them under that description, and that they were not to take individually a portion equal to that of the other individuals between whom and them by their collective name the division is to be made. And as it would have been so easy to indicate this individual equality if it had been intended, by inserting the words “each of” before children, the failure to do this in either of the clauses directing an equal division, is in our opinion, conclusive when added to the other considerations adverted to, that such was not the testator’s intention. This construction is further authorized by the construction given to similar words in the case of Luke vs. Marshall: (5 J. J. Marshall, 353.) We are of opinion therefore that the will gives to the children of Nelly Lachland collectively and not individually an equal portion, that is, one-fourth part of the residue.
Kinkead and Breckinridge for appellants; Robinson and Johnson for appellees.
Wherefore the decree is affirmed.