JUDGE ROBERTSON
delivered the opinion oe tiie court:
The parties in this case submitted to the circuit court a precautionary petition for a judicial interpretation of the will of James Newton. The court construed so much of the will as concerns two grandchildren of the testator so as to entitle each of them representatively to only half of a child’s part, and they appeal.
So much of the will as essentially applies to the question submitted for-our revision provides, that, after a small legacy to the testator’s surviving wife, the residue of his estate, movable and immovable, including the homestead of about four hundred acres inherited by her, should be divided equally between his children, individualized by their respective names, and his grandchildren by a deceased daughter, designating them also by their names — •“Angelia Wells and Jerome Wells;” and subjoining the following bequests: “That those of my children who have not received one bed, bedstead, and bedding, one cow and calf, sow and pigs, and one horse, shall have them out of my estate, to make them all equal. I expressly direct that my grandchild, Angelia Wells, above named, shall have one bed, bedstead, and bedding, one cow and calf, one horse, and sow and pigs; and that Jerome Wells shall have one bed, bedstead, and bedding, one sow and pigs, and one cow and calf.”
Had the classification of u children” and “grandchildren” been omitted, and the devise had been to the same persons by their names only, each of them would certianly have taken per capita equal portions; but “children” and “ grandchildren” must be understood as used for identifying the persons specially named, and not for qualifying the interest of each grandchild more than that of each child. This apparently logical conclusion is fortified by the significant fact that, for equalization among *160 each and all of the devisees alike, without any discrimination, the testator, with emphasis, bequeathed to each of his two grandchildren the same special legacies of cows, calves, bed, &c., which he gave to each of his children, excepting only that a horse was pretermitted in the bequest to Jerome, and which is not material to the general conclusion, and might be consistently accounted for by the not improbable presumption that a horse or its equivalent had already been advanced to Jerome.
The assumed unreasonableness of giving to a grandchild as much as to a child cahinot control or neutralize the construction of the testamentary language. In many cases it might be unreasonable not to do so. Jacob thought so as to Ephraim and Manassa; and there may have been as satisfactory reasons in' the case now litigated as there were in the more illustrious precedent christalized in the Bible. We can suppose cases in which equal distribution among children and some grandchildren would be natural and just.
Nor is the legal construction of the principal devise affected by the fact that, if the homestead had not been devised, it would have descended as the estate of the testator’s widow; and then, that each grandchild would have been entitled to only half as much as each child would have inherited. The devisees have not renounced the devise, and claimed that tract as heirs; and the testator, asserting the right to dispose of it, has chosen to divide it equally between each of his children and grandchildren ; and, if his will stand, that purpose must also stand.
Wherefore, the judgment is reversed, and the cause remanded for a construction conformable with this opinion.