JUDGE ELLIOTT
delivered the opinion oe the court.
The only question presented for revision by this appeal is the proper construction of the following clause of the will of Melton Culbertson, deceased. After a devise of all his realty and a bequest of all his personalty to his wife during her life, he inserts the following clause: “At her death I wish the real estate and such of the personal property as my wife may not have disposed of divided equally between my nephew Julius Culbertson, of this county, Mattie Ervine, Etene Case, and the children (two) of Thomas D. Purnell, nieces and nephew of mine, and residing in and about Natchez, Miss.”
The circuit court was of opinion that the children of Thos. D. Purnell should only receive jointly a share equal to the share of either of the other devisees.
When a testator gave his estate equally to his son James, his daughter Traverse, his daughter Man, and the children of his son Peter, and his daughter Webb, a division per capita was adjudged, because where the words “equally divided” are used they generally mean a per capita and not a class division (Bac. Abr. 348); and by the judgment in this case each grandchild of the testator received as- much as his son and daughter.
So in the case of Lee v. Lee (39 Barb. 172) the testator gave to his brother, the children of his sister, and the daughter of his bi’other, in equal proportions, share and share alike; *371 and the court held that the division must be per capita, and the judge said, in deciding this case, that if the testator had indicated the children of the deceased sister by name, his intention to give each devisee an equal share would have been plain, but that it was plain enough that said children were not intended to take as a class, but each to take a share equal to any other devisee. And to the same effect was the decision of Dowding v. Smith (3 Beav. 541). And Jarman on "Wills says where the gift is to the children of two or more persons the division must be per capita and not per stirpes; as where the devise is to testator’s brother A and the children of his brother B, there B’s children each get as much as A; and where the testator gave two shares of his estate to the children of- his sons A and B, to be equally divided between them, it was held that each of said family of children took per capita and not per stirpes. (S. C. ch. 152.)
It would therefore seem from the authorities quoted that the testator in the caso under consideration intended an equal division per capita among the persons indicated as the objects of his bounty.
It is said that the words “ equally to be divided,” when used in a will, mean a division per capita and not per stirpes, whether the devisees be children and grandchildren, brothers or sisters, nephews or nieces, or strangers in blood to the testator. (9 S. C. Eq. 459.)
But it is insisted that the opinion of this court in Lachland’s heirs v. Downing’s executors (11 B. Mon.) is in point, and rules this case. On a careful examination of that case we have come to the conclusion that the reasoning upon which it rests does not apply to a case like the one under discussion. The clause of Downing’s will construed is as follows: “All the residue of my estate, whether real, personal, or mixed, not herein otherwise disposed of, I desire may be equally divided, after my death, between my brother John Downing, my two *372 sisters Elizabeth Cameron and Nancy Gibson, and the children of sister Nelly Lachland, to them and their children forever, it being my desire that the portions allotted to my brother John and my two sisters and the children of my deceased sister Nelly Lachland shall be made as nearly equal as possible both in kind and in amount.”
The court, in the construction of the foregoing clause, appears to hesitate as to the proper construction upon the words of the will themselves, but say: “ Where the testator shows such solicitude to effectuate that justice which consists in equality of distribution among those who were equally the objects of his bounty and affection, we should deem it proper and indeed necessary, in the absence of any peculiar fact or expression of a contrary tendency, to presume that the testator’s feelings and benevolence flowed in the usual channel, and to construe all ambiguous expressions in conformity with this presumption. Then as no reason appears why the testator, who is so particular in desiring equality between his living brother and sisters, should place the children of a deceased sister each upon an equality with the living brethren, we should expect and require some clear and- unequivocal indication of such an intention, in order to establish its existence.”
It will be seen, on examination of the Downing will case, that because the testator followed the laws of distribution, so far as his brother and two living sisters were concerned, the presumption was indulged by the court that he intended to extend the same equality of distribution to the children of his deceased sister, by letting them take the place of their mother in the distribution of his bounty; but this is quite different from that case. In this case Julius Culbertson was the son of testator’s brother, and the mother of Mattie Ervine, Etene Case, and Thomas D. Purnell was the sister of the testator, and according to the laws of descent and distribution Julius Culbertson was entitled to one half of the testator’s *373 estate, and his cousins and second cousins to the other half. So it is plain the testator did not intend to follow the laws of descent and distribution in the division of his estate among these collateral kindred, nor did he intend to give to each class of children what their ancestor would have been legally entitled to had he been living; but, on the contrary, we are of opinion that the testator intended that his entire estate at the death of his wife should go to the devisees named, to be equally dividéd between them per capita, share and share alike.
Wherefore the judgment of the circuit court is reversed, and cause remanded for further proceedings consistent with this opinion.