CASE 105—PETITION EQUITY—JANUARY 10.

## Fields, &c., v. Fields, &c.

93  619
h118  756

### APPEAL FROM BOYLE CIRCUIT COURT.

CONSTRUCTION OF DEVISE—DISTRIBUTION PER STIRPES.—Under the provision of a will directing the executor to sell certain real estate and pay the proceeds "equally to the children of my brother, Wm. Fields, and the living children of my brother, James Fields,' the children of the two brothers take *per stirpes* and not *per capita*, such an intention being indicated by another clause of the will in which the testator refers to the children of each brother collectively as a "branch" of his kindred, and directs the payment to the children of each brother of one-fourth of the residue of his estate.

ROBERT HARDING FOR APPELLANTS.

Whenever the language of a will denotes a gift to a class or to classes they take as a class and not *per capita*, unless a contrary intention is shown in the will. (Lackland's Heirs v. Downing's Ex'ors, 11 B. Mon., 33; 2 Redfield on Wills, 34; 2 Jarman on Wills, foot note, p. 80, and authorities there cited.)

In the case at bar, not only is a contrary intention not shown in the will, but it is affirmatively shown by the various provisions of the will that it was the intention of the testator that the children of Wm. Fields and the children of James Fields should take *per stirpes* and not *per capita*.

R. P. JACOBS FOR APPELLEES.

The direction of the testator "to pay the proceeds equally" shows his intention to make a division *per capita* and not *per stirpes*. (Purnell, &c., v. Culbertson, 12 Bush, 370; Brown's Ex'or v. Brown's Devisees, 6 Bush, 649; Wells v. Newton, 4 Bush, 159; Walters v. Crutcher, 15 B. Mon., 2; Jarman on Wills (Randolph & Talcott edition), vol. 2, chap. 30, p. 756; *Idem*, note 26, p. 761.)

EDWARD W. HINES ON SAME SIDE IN PETITION FOR REHEARING.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The construction of the following clause of the will of Jeremiah Fields, is the only question involved on this appeal, namely: "Item fifth. * * * I hereby direct my executor to sell my undivided interest in said two tracts of land, * * * and pay the proceeds of such sale equally to the children (that are alive at the time of distribution) of my brother, William Fields of Missouri, and the living children of my brother, James Fields. In the event of the death of any of the parties to this bequest, then their portion is to go to any issue they may have left, and if none is left, then their portion is to be given to the heir or heirs indicated above."

William and James were dead when the will was made, the former leaving six, and the latter two children. The question is, do the children take *per stirpes* or *per capita?* And shall the ten thousand dollars in the executor's hands be divided into two or into eight parts?

The presence of some suggestive clause or expression in other portions of the will, indicatory of the testator's intent to the contrary, must be found before we should disturb the equal distribution of the estate *per capita* among these children, as is apparently provided for by a literal construction of the language used.

And we observe first, that the sixth clause appears to

furnish us some slight clew to the testator's meaning. He directs his executor to collect all money owing to him by note or otherwise, to sell his bank stock, pay the few debts he owed, and "distribute the residue as follows, to-wit: One-fourth of the amount he, my executor, will pay to my sister, Jemima Fields; one-fourth to my brother, Frederick R. Fields (provided he is living at the time of distribution, if not, his share is to be equally paid to the other three *branches* of my kindred named in this item sixth); one-fourth is to be paid to the children of my brother, William Fields, deceased, and the remaining fourth to be paid to the children of my brother, James Fields, deceased."

Thus, the testator gives his estate to his sister Jemima, as " *one branch of his kindred*," to his brother Frederick, if living, and if dead, then "equally" to the other three *branches*—to the "children of his brother, William Fields, deceased," whom he designates in this sixth clause as one of the *branches of his kindred*, and to the "children of his brother, James Fields, deceased," whom he also designates as one of said *branches*. He refers to "the children of his brother William" collectively only and as a *branch*, or as a class, and he does this in apparently studied or express terms, and having so unequivocally used these phrases as representing *branches of his kindred*, and having disposed of a large portion of his estate to these children as branches in the sixth clause of his will, no good reason can be assigned for giving a different meaning to the same phraseology when used in the fifth clause.

Moreover, the fifth clause is itself not wholly without a suggestive indication of this intention. The testator knew that his brother James had two children only, and,

therefore, he provides that in the event of the death of any of the parties to the bequest, their portion was to go to their issue, and if none, then to the *heir* or *heirs*, as above indicated. When we regard the distribution as being made to the two branches or classes, we can see why the testator used the word "heir" in providing that the surviving brother or sister of the children of James Fields should take the property and be properly designated as an "heir." And then, too, under a distribution *per capita*, upon a child dying without issue, its property would go not to its brother or sister wholly—or members of the same class or branch—but the distribution is made equally among the remaining brothers and sisters and the cousins of the decedent. If one of James Fields' children died, the remaining one would take one-seventh of the property, and the cousins take sixth-sevenths—a distribution certainly not contemplated by the testator.

On the whole case we are of opinion that the testator meant that the children of his brothers should take in the fifth as they took in the sixth clause of his will—by classes or branches—or *per stirpes*, and not *per capita* as was held by the lower court.

Many authorities are cited by counsel on both sides, but after all, the construction of the will in dispute depends on no other rule or principle than the ascertainment of the testator's meaning as gathered from his own language.

The judgment of the lower court is reversed, with directions to distribute the estate in accordance with the requirements of this opinion.