Frank Cist and William C. Cist are the children of Mary B. Cist. Letitia Holmes Cist is the child of Jennie E. Cist.
The claim of Letitia Holmes Cist is that she is entitled to one-half of the residue of the estate; while the claim of the executor of the estate is that she is entitled to one-third of the residue.-
The argument of counsel for Letitia Holmes Cist is that the intention of the testator is to divide the residue of his es *177 tate between the families of his two sisters, and that the construction which divides the gifts among his nephews and nieces per stirpes instead of per capita, so that Frank Cist and William C. Cist receive one-half, and Letitia Holmes Cist another half of the residue, is in accordance with this general intention of the testator, and therefore the true construction of his will.
As evidencing the intention of the testator to divide the bulk of his estate among the two familiés, the circumstance that each of his two sisters is given one hundred thousand dollars is relied upon together with a large number of authorities in which it was held that the division of the residue of an estate under the particular wills involved should be per stirpes, and not per capita.
In the cases referred to the language of the bequest is usually not to individuals named as such, but to “children” or “heirs” or to “A” and the children of “B” or to the “children of A and the children of B.” Mason v. Baker, 2d Kay & Johnson, 567; Osborne’s Appeals, 104 Penna. St., 637; Henry v. Thomas, 118 Ind., 23; Fields v. Fields, 20 S. W., 1042, and many other eases.
Whether I should be willing to follow the above mentioned authorities in ease the language used in this will was the same as that used in the wills in these cases, it is not necessary for me to say, because the language in this case is quite different.
But all rules for the construction of wills yield to the intention of the testator, and in this case there is nothing doubtful in the language employed. The beqeust is made to the three in their individual capacity. It is not made to them as “children” or “heirs” of any one. They are not spoken of as “children” or “heirs” of any one in any part of the will, neither is there anything to indicate that the testator considered them in any other relationship than their 'relation to himself, which relation in each instance was the same. He calls them his nephews and niece, and it is in that relationship and in that capacity in which each was equal that he makes them his legatees. Huston v. Crook, 38 O. S., 330.
For the reasons stated I am of the opinion that Letitia Holmes *178 Cist is entitled to one-third of the residue of the estate of William C. Bare, deceased.
E. W. Cist, for C. F. and W. C. Cist.
Henry M. Cist, for Letitia Holmes Cist.