## Justice, etc. v. Stringer, etc.

(Decided October 20, 1914.)

### Appeal from Allen Circuit Court.

Wills.—Under a devise of property to be equally divided between A and B and the children of C, the division must be made per capita, the three children of C taking an equal share with A and B.

GOAD, OLIVER & GOAD for appellants.

GILLIAM & GILLIAM for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

B. H. Justice devised to his sister, Lucinda Justice, all his property for life, subject to a few specific legacies. The will then makes this provision:

"After Lucinda Justice's death, my will is that an equal division be made of all the property that Lucinda Justice has at her death be divided between Sarah Jane Stringer and Icy Ann Yates, wife of Bud Yates (as is best known), and to George Graves' three daughters, my sister Leathy's children, and in case of the death of Sarah Jane Stringer, or Icy Ann Yates, to their children."

This action was brought for a construction of the will, the parties differing as to how the estate should be divided. The circuit court held that Sarah Jane Stringer and Icy Ann Yates each took one-third of the estate, and that the three daughters of George Graves together took the other third. From this judgment the appeal before us is prosecuted by the latter, they insisting that under the will the estate should be divided into five parts, one of which should be allotted to each of the five devisees.

It is alleged in the petition and not denied that Sarah Jane Stringer and Icy Ann Yates are sisters, the daughters of Will Justice, who was a brother of the testator. So the facts are that each of the five devisees were nieces of the testator, two being daughters of a deceased brother and the other three the daughters of a deceased sister. In Brown v. Brown, 6 Bush, 648, the will was as follows:

"The rest and residue of my estate I will and bequeath to the descendants of my three uncles, Benjamin Brown, William Brown and Thomas Brown. My three uncles above named are all dead, and their children or descendants are unknown to me, at least some of them. My desire is that this bequest shall go to such of their children as are living; and where a child of either has died leaving children, the children of said deceased child shall take such part as their parent would take if living."

One of the uncles left three children, one left four, and the other seven. It was held that the division should be per capita, and that the estate should be divided into fourteen equal parts. In Purnell v. Culbertson, 12 Bush, 369, the will was as follows:

"At her death, I wish the real estate and such of the personal property as my wife may not have disposed of divided equally between my nephew, Julius Culbertson, of this county, Mattie Ervine, Etene Case, and the children (two) of Thomas D. Purnell, nieces and nephews of mine, and residing in and about Natchez, Miss."

It was held that the two children of Thomas D. Purnell each took an equal share with the devisees named in the will.  In McFatridge v. Holtzclaw, 94 Ky., 352, the will was as follows:

"After the death of my wife, I wish my property disposed of and equally divided between the heirs of my brothers and sisters, share and share alike, as though my brothers and sisters were living."

One brother had four children, one had two and the sister had one.  It was held that the seven children each took an equal share.  In Hughes v. Hughes, 118 Ky., 751, under a similar will, the same ruling was made.  In Kaufman v. Anderson, 31 R., 888, the will was in these words:

"I give the farm I bought of John Woodrow to my brothers, and my sisters, Mrs. Barringer's children; the children to share equally with my brothers, Henry, Peter and Thomas.  This farm I direct sold and the money divided as above stated."

It was held that the children of the sister each took an equal share with the brothers, Henry, Peter and Thomas.  A number of other authorities are collected in these opinions.  The case before us cannot be distinguished from those cited, which follow a common law rule as old at least as Bacon's Abridgment.  There are, it is true, a few cases where under other provisions of the will, a different conclusion has been reached; but in all of them, the court rested its conclusion on the language of the will before it, and recognized the soundness of the rule announced in the cases referred to.

Judgment reversed and cause remanded for a judgment as above indicated.