### Dennis, et al. v. Shirley, et al.

(Decided December 18, 1925.)

## Appeal from Washington Circuit Court.

1. Wills—Intention of Testator to be Gathered from Entire Will.— In construing will, first and most important thing to be determined is intention of testator as gathered from entire will.

2. Wills—Heirs, Heirs in Law, or Legal Heirs, Presumed to Take Per Stirpes and Not Per Capita.—As general rule, where devise or bequest is to heirs, heirs in law, or legal heirs, law presumes, that they shall take per stirpes and not per capita; but such rule does not prevail in face of contrary intention expressed in will.

3. Wills—Intention of Testator, if Discoverable from Will, should be Enforced, Regardless of Rules of Interpretation.—Intention of testator, if discoverable from will, should be enforced, regardless of rule that devise to "heirs," etc., is presumed devise to them per stirpes, or claimed exception thereto when devisees are named.

4. Wills—If Property is Directed to be Divided Equally Share and Share Alike, Division Per Capita will be Directed.—If will contains nothing to indicate contrary intention by testator, division of property per capita will be directed where it is directed to be made equally share and share alike, in equal shares, or by similar expressions, unless objects of bounty referred to in will are heirs.

5. Wills—Will Directing Division Among Heirs Held to Require Division Per Capita in View of Further Provision.—Where testator directed at wife's death that everything should be sold and distributed to his legal heirs in equal shares, but that sewing machine and organ previously given granddaughter should not reduce her portion, presumption that division per stirpes was intended from use of word "heirs" was overcome by contrary showing in will.

OSSO W. STANLEY for appellants.

JOHN A. POLIN, W. C. McCORD, C. M. McCORD and W. F. GRIGSBY for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The second paragraph of the will of George W. Shirley, who died a resident of Washington county, reads: "I will and bequeath to my beloved wife Nancy E. Shirley all the remainder of my estate both real and personal to have and use as hers during her natural life, and at her death I want everything sold and distributed to my legal heirs in equal shares, with one exception, viz.: Eva Reed, my granddaughter, has now in her possession one sewing machine and one organ which I now give her and same shall not be charged to her again." The widow, Nancy E. Shirley, is dead, and the trial court construed that portion of the inserted clause of testator's will to provide for a *per stirpes* instead of a *per capita* distribution among decedent's legal heirs, and appellants, who were children of two of his deceased daughters, prosecute this appeal, insisting that under a correct interpretation of the will there should have been a *per capita* instead of a *per stirpes* division of the property after their grandmother's death.

In solving the question the first thing to be determined is the intention of the testator as gathered from the language of his entire will bearing upon the question for solution, since that intention is the only one that the courts are authorized to enforce. In determining whether he intended a *per capita* or a *per stirpes* distribution, cer-

tain rules have been established which are discussed, considered and applied in a great number of cases from this court, the three latest of which are, Prather v. Watson, 187 Ky. 709; Fischer v. Lange, 190 Ky. 699, and Rogers v. Burress, 199 Ky. 766. Prior cases involving the same question are cited in those opinions, and it will be unnecessary to insert them here. In the opinion in the Rogers case, it is said: "We have held in an unbroken line of cases that unless a contrary intention should be discoverable from the will, a provision for a division 'equally' or 'share and share alike' between or among two or more persons or groups means a *per capita* and not a *per stirpes* distribution." It is also a recognized rule, as is pointed out in the Prather opinion, that, "As a general rule where a devise or bequest is made to 'heirs,' 'heirs in law' or 'legal heirs' the law presumes that the beneficiaries so designated shall take *per stirpes* and not *per capita*. But this rule, as is true of the others named, will not prevail in the face of a contrary expressed intention in the will." Some opinions hold that the fact of expressly naming the individual devisees instead of referring to them as a class or group, should be considered by the court in endeavoring to arrive at the testator's intention; but whether that be true or not, we are satisfied that wheresoever the intention of the testator may be discoverable from any language he employed in his will, that intention should be enforced, regardless of either of the rules to which we have adverted. So that, as said in the Prather opinion, "It will, therefore, readily be seen that each case must depend upon the peculiar language employed, and if there is nothing to indicate a contrary intention on the part of the testator, a division of the property *per capita* will be directed," where it is directed to be made equally, share and share alike, in equal shares (as is the language in this case), or similar expressions. But on the other hand, it will be presumed that when the objects of the bounty referred to in the will are "heirs" it will be presumed that a *per stirpes* division was intended, but which may be refuted by a contrary intention expressed in the will, or by some rule which nullifies or overcomes that presumption.

In the Rogers case the language of the will was, "Then the remainder of my estate shall descend jointly and equally to my heirs and the heirs of my wife, Fannie Rogers." And we held that the testator divided the ob-

jects of his bounty into two groups, one composed of his heirs, and the other one of his wife's heirs, and said, "We are, therefore, clearly of the opinion that this will must be construed to order a *per capita* division among the members of a single class composed of the heirs of the testator and (those of) his wife." In other words, that one-half went to his heirs *per capita*, regardless of the degree of relationship they sustained to the testator, and the same with reference to the other half that he devised to the heirs of his wife.

The controlling fact in the Prather case was that in referring to his grandchildren the testator described them as "Walter's heirs," he having had a son, Walter, who was dead and who was survived by the grandchildren. The reference to the grandchildren as being the heirs of the deceased son, Walter, was construed to indicate an intention on the part of the testator to substitute Walter's children as a group to take the portion that Walter, the father, would have taken had he been alive. In this case we not only have the rule first adverted to, *i. e.,* a division to all the members of the named group "in equal shares," but that language is immediately followed by other language indicating that the equality of division which testator had in his mind should not be disturbed by the fact that he had given to his granddaughter, Eva Reed, a sewing machine and an organ which he did not intend to be taken into account by reducing the equal portion which he thought he was providing for that granddaughter. Hence, after providing for the distribution to his legal heirs "in equal shares," he immediately followed it by saying, "With one exception, viz.: Eva Reed, my granddaughter, has now in her possession one sewing machine and one organ which I now give her and same shall not be charged to her again." It, thereby, appears that he wanted his granddaughter to share equally with all the other members of the class composing his "legal heirs" in the distribution of the remainder of the property devised to his wife, and that such equal share should not be diminished by a charge of advancements made to that grandchild. It would, therefore, appear that the dominant idea in the testator's mind was that each of his heirs, regardless of the degree of relationship to him, should share *equally* in the disposition of the proceeds of the property that he devised to

his wife for life and which he directed to be sold after her death.

The only fact militating against that conclusion is the inconclusive presumption under the rule above referred to, that when the objects of the bounty are referred to as "heirs," then a *per stirpes* division will be presumed; but in the text in Cyc., volume 40, page 92, where that rule is stated, it is shown that it does not prevail where a contrary intention is expressed in the will. The presumption under that rule is then rebutted and the rule itself is uncontrolling, leaving the first one above, wherein an *equal* division is prescribed, as the applicable one in this case and which sustains the interpretation that a division *per capita* among testator's heirs was intended by him, and our construction of his language above fortifies that conclusion.

Wherefore, the judgment is reversed, with directions to set it aside and to enter one in conformity with this opinion.