## Conn, et al. v. Hardin, et al.

(Decided June 22, 1926.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

1. Appeal and Error.—Appellate court has no jurisdiction to hear and determine questions presented for party who, though granted an appeal, prosecuted neither direct appeal nor cross-appeal.

2. Wills.—Where will provides that property be "equally divided," or divided "share and share alike," or where similar words indicate an equal division, persons take per capita, unless a contrary intention appears.

3. Wills.—Under will devising real estate to daughter and two grandchildren "share and share alike," held that grandchildren take per capita and not per stirpes, where testator's intention that each take one-third is discoverable from will.

4. Wills—Under Will Giving Wife Life Estate in All Land and Disposing of Remainder, and Providing that when Farm was Sold Proceeds be Divided Similarly as Remainder, Held Division of Proceeds was Intended to be at Wife's Death, and Wife Took Life Estate.—Under will giving wife life estate in all land and disposing of remainder, and providing that when farm was sold proceeds be divided similarly as remainder, held division was intended to occur at death of wife, who took a life estate in the land, and on its sale, took income from proceeds of sale for life.

LLOYD W. GATES and EDWARDS. ODGEN & PEAK for appellants.

BEN F. EWING, HUMPHREY, CRAWFORD & MIDDLETON and MORTON K. YONTS for appellees.

Opinion of the Court by Commissioner Sandidge—
Affirming.

The questions presented by this appeal may be correctly determined only by correctly interpreting the will of Joseph P. Gheens, the pertinent parts of which read:

"First: I give to my dear wife, Mary V. Gheens, all rents and profits arising from my real estate, choses in action, notes, and all money I may have in bank after all of my just debts have been paid.

"Second: After the death of my wife the real estate is to be divided between my daughter, Alice G. Conn, and the two children of my deceased son, Chas. R. Gheens, share and share alike, the share of the two children to be placed in bonds of the city of Louisville, or water company bonds, the interest to be paid semiannually to their mother during their minority; when they become of age, said interest shall be paid to them until the youngest child arrives at the age of thirty years, when the whole may be paid to them.

"Third: From the proceeds of my life insurance, I direct that one-half be paid to my daughter, Alice G. Conn, and the other one-half to be invested in city of Louisville bonds or Louisville Water Company bonds for the use and benefit of the two children of my deceased son, Chas. R. Gheens, the income to be paid to their mother during their minority. When they become of age, said interest shall be paid to them until the youngest child arrives at the age of thirty years, when the whole may be paid to them.

"Fourth: When my farm at Avoca, Ky., consisting of 182 acres, is sold, if my executor deems it advisable, the proceeds of said farm shall be divided equally between my daughter, Alice G. Conn, and the two children of my deceased son, Chas. R. Gheens, the share of said two children shall be invested in city of Louisville bonds or Louisville Water Company bonds, and the interest therefrom paid to their mother during their minority and when they arrive at the age to be paid to them. The whole amount coming to them may be paid to them when the youngest child arrives at the age of thirty years. If there is more money than will give them a comfort-

able support, my executor is directed to loan the money for their use and benefit. If the farm is rented, I desire that the rent be paid to their mother during their minority, and when they become of age, to be paid to them.

"Fifth: I hereby appoint the Fidelity & Columbia Trust Company, of Louisville, Kentucky, trustee for the two children, and also appoint said company executor of this my will, and request that no appraisement be made of my estate."

A codicil subsequently was added to the will which reads:

"It is my desire that my life insurance policy of five thousand dollars at my death I bequeath to my daughter, Alice Conn, you to hold for her on the same condition as stated in my will, if I should inherit anything from my brother, J. R. Gheens, it is my wish that my daughter Alice Conn shall have two-thirds of what I inherit. I wish to give my sons (C. R. Gheens, deceased) two children (Marie and Robert Gheens) the other third of what I inherit."

The controversy relates only to the real estate disposed of by the will. It was adjudged by the chancellor that under the will the widow, Mary V. Gheens, takes a life estate in all of his real estate, including the farm mentioned in clause 4, and that Alice G. Conn, testator's daughter, and Marie Elise Gheens Hardin and Charles Robert Gheens, his granchildren, take the remainder in fee, jointly, one-third each.

By the judgment below the widow, Mary V. Gheens, and testator's daughter, Alice G. Conn, were granted appeals. This appeal was prosecuted, however, by appellant, Alice G. Conn, and her husband. The other parties, including the widow, Mary V. Gheens, were made appellees by the statement filed when the appeal was taken. The widow, Mary V. Gheens, has not prosecuted a direct appeal from the judgment rendered nor has she moved for or been granted a cross-appeal on the appeal by Alice G. Conn. For that reason this court is without jurisdiction to hear and determine the question presented for her, that is, that the chancellor erred in adjudging her to have taken only a life estate in the real estate devised by testator and her contention that under the will she took an estate in fee in same.

The chief controversy, as the case is presented by the appeal, is that between the remaindermen as to whether they take, as appellant insists, *per stirpes*, or, as appellees insist, *per capita*. It is conceded by all parties that the rule is well settled in this jurisdiction that where the subject of a testamentary disposition is directed to be "equally divided," or to be divided "share and share alike," or where similar words are used which indicate an equal division between or among two or more persons the persons between or among whom the division is to be made take *per captita*, unless a contrary intention is discoverable from the will. This court has uniformly recognized and applied that rule, as will appear from Lachland's Heirs v. Downing's Exor., 11 B. Mon. 32; Bledsoe's Admr. v. Bowman's Admr., 3 Ky. Opinions, 677; Wells v. Newton, 4 Bush 158; Brown's Exr. v. Brown's Devisees, 6 Bush 648; Purnell v. Culbertson, 12 Bush 369; McFatridge, &c. v. Holtzclaw, 94 Ky. 352; Bethel v. Major, &c., 24 Law Rep. 398; Hughes v. Hughes, 118 Ky. 751; Kaufman v. Anderson, 104 S. W. (Ky.) 340; Armstrong v. Crutchfield's Exor., 150 Ky. 641, and Justice v. Stringer, 160 Ky. 354.

By the second clause of the will the real estate is directed to be divided between testator's daughter and two certain grandchildren "share and share alike." The case then is brought clearly within the rule above, and the chancellor has properly adjudged that the devisees took *per capita*, unless a contrary intention is discoverable from the will. It is insisted for appellant that, since immediately following the devise to the daughter and two grandchildren "share and share alike," the will directed that the "share" of the two grandchildren should be placed in bonds of the city of Louisville and be held in trust for them, it clearly indicates the intention upon the part of testator for the grandchildren jointly to take only one share, or one-half of the estate. If testator, instead of employing the language used, had written in his will that after the death of his wife his real estate should be divided between his daughter, Alice G. Conn, and two children of his deceased son, one-third to each, he might have properly added the words "the share of the two children to be placed in bonds of the city of Louisville," meaning thereby that the share or interest in his estate that they took should be placed in bonds and held for them in trust. The use of the word "share" in the singular to designate the interest in his estate that the two

children took does not tend to establish that it was his intention that his estate be divided into two shares, his daughter to take one and his two grandchildren the other. The argument might as properly be made, under appellant's contention that she takes one-half in remainder and they one-fourth each in remainder, that to speak correctly the testator should have referred to the part taken by them in his estate as "the shares." We observe from the third clause of the will that if testator intended any other than a "share and share alike" distribution of the remainder interest in his real estate, that is, an equal division among the three named devisees, he knew exactly how to so word such a devise as to leave no question about it. By the third clause in plain, simple, unambiguous language he devises one-half of the proceeds of his life insurance to his daughter, and the other half to his two grandchildren. By the codicil testator demonstrated that he knew exactly how to provide for other than a "share and share alike" division, because by it he wills in plain, simple, unambiguous language two-thirds of any estate that he may inherit from his brother, J. R. Gheens, to his daughter, appellant, Alice G. Conn, and one-third thereof to Marie and Robert Gheens, they being the same three persons who under the second clause of the will take a "share and share alike" division of the estate in remainder in his real estate. Since by the several other clauses of testator's will it can be ascertained that he well knew what language to employ to express the intention to devise property so that his daughter should take one-half and his two grandchildren jointly take the other half, or so that his daughter should take two-thirds and his two grandchildren the other one-third, it seems to this court not only that no contrary intention is discoverable from the will but that testator by providing for a "share and share alike" division of the remainder in fee in his real estate among the three devisees specified intended that they each take one-third. If the rule above, to which we have uniformly adhered, did not obtain in this jurisdiction, in view of the fact that it appears from the other clauses of his will that testator knew well how to make other than a share and share alike distribution of his real estate among his three devisees, we do not perceive how we could conclude that testator intended other than that the three devisees named in the second clause should each take an undivided one-third interest in the property thereby devised. That considered

in connection with the rule, *supra,* to which we have uni-
formly adhered, the conclusion can not be escaped that
by the second clause of testator's will he intended that
the devisees therein named take the property thereby de-
vised, an undivided one-third each.

It seems to this court to be wholly unnecessary to
review the cases in which under the rule above it has been
held that the devisees named under the respective wills
then being considered took *per stirpes,* and those in
which it has been held that they took *per capita.* The
rule, *supra,* has been uniformly applied, and a *per
stirpes* taking under the wills where property is directed
to be "equally divided," or to be divided "share and
share alike," has been adjudged only where that inten-
tion is otherwise discoverable from the will. Nothing
indicating that testator intended any other than a *per
capita* division among the devisees named in the second
clause of his will otherwise appears therein. On the
other hand, in this instance the other clauses of the will
clearly demonstrate that if testator had intended any
other than a *per capita* division he well knew how to pro-
vide for it. For these reasons this court has concluded
that the chancellor properly adjudged under clause 2 of
the will that the remaindermen took the estate jointly,
one-third each.

Appellant contends that, although by the first clause
of testator's will he devised an estate for life unto his
wife in all his real estate, if that clause stood alone, but
that since by the fourth clause he authorized the executor
in his discretion to sell the farm at Avoca, Kentucky,
consisting of 182 acres; and then provided that when sold
the proceeds of that farm should be divided between his
daughter and his two grandchildren, it becomes apparent
that testator intended that his wife should receive the
rents and profits from that portion of his real estate con-
sisting of the farm at Avoca, only so long as it remained
unsold; and that, as it has been sold by the executor, she
and testator's two grandchildren are now entitled to a
division of its proceeds and testator's widow is entitled
to no further interest therein. That contention we can-
not uphold. By the language of the first clause of the
will in question testator clearly and unmistakably de-
vised to his wife, Mary V. Gheens, a life estate in all of
the real estate which he might own at the time of his
death. By the second clause of his will testator pro-

vided what disposition of his real estate shall be made upon the death of his wife. The language used in the fourth clause of his will does not indicate any intention upon the part of testator to cut down or decrease the devise of a life estate in his real estate previously made to his wife. Considering the provision of the fourth clause of his will, "when my farm at Avoca, Kentucky, consisting of 182 acres is sold, if my executor deems it advisable the proceeds of said farm shall be divided, etc.," in connection with the previous devise of an estate for life in that farm to his wife, in connection with the previously provided for division of his real estate after the death of his wife, it is manifest that the division of the proceeds of the farm at Avoca provided for by the fourth clause was intended by testator to be had at the death of his wife, the taker of the life estate herein. Any other construction of the fourth clause would make it inconsistent with and repugnant to the first clause of the will. Since the farm was sold by the executor during the lifetime of the life tenant, she clearly is entitled to receive the income from its proceeds during the remainder of her life, and the division of its proceeds among the remaindermen can not be had until her death. The chancellor so adjudged and his judgment is wholly in accord with our opinion on the subject.

For the reasons indicated, the judgment of the chancellor herein will be affirmed.

Judgment affirmed.