## Young, et al. v. White, et al.

(Decided October 22, 1926.)

## Appeal from Logan Circuit Court.

Wills—Will Dividing Proceeds of Remainder After Life Estate Equally Between Children of Testator's Wife and Children of His Brother Held to Manifest Intention that all Children Take Per Capita and Not Per Stirpes as Members of Classes.—Devise of life estate to wife, at her death property to be sold and proceeds to be equally divided between her children by former marriage and children of testator's brother, held to manifest intention that two children of testator's wife and five children of brother take per capita.

I. G. MASON for appellants.

S. R. CREWDSON for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS— Reversing.

This action, which was instituted in the Logan circuit court, involves as the sole question for determination, the proper interpretation of that portion of the will of Albert Stutz disposing of the remainder interest in his property after first giving to his widow a life estate therein for her own life. The language of the will to be interpreted is: "And at her death to be sold and the proceeds to be equally divided between her children and the children of my brother, John Stutz." At the time of the marriage of the testator to his wife, and to whom he devised a life estate, she had two children by a former marriage, but the testator had none at that time, nor were there any born to the couple after their marriage, and the only heirs which he left surviving him were the appellees, who were the five children of his deceased brother, John Stutz. The court adjudged that under the inserted language of his will the testator intended to and did devise the remainder interest in his property, one-half to the two children of his wife and the other one-half to the five children of his deceased brother, John Stutz. The latter have appealed from that judgment insisting that under the prevailing rule in this jurisdiction as announced in a number of cited cases there should have been a *per capita* division among all those comprising the two children of testator's wife and the five surviving

children of his brother, John, so that each of them would take *per capita* and get a one-seventh interest. On the contrary, the appellees insist that under the principles announced in the same opinions the court correctly held that it was the intention of the testator as gathered from the language of his will to devise his property *between* two groups or classes of persons; one being the children of his wife, and the other those of his deceased brother, John, and with which the court in its judgment agreed.

The cases relied on by appellants are: Purnell v. Culbertson, 12 Bush 369; Armstrong v. Crutchfield, 150 Ky. 641; Bethel v. Major, 24 K. L. R. 398; Lachland's Heirs v. Cowning, 11 B. Mon. 32, and Prather v. Watson, 187 Ky. 709; and appellees relied on the same cases and also McFatridge v. Holtzclaw, 94 Ky. 374; Rogers v. Burress, 199 Ky. 766, and Dennis v. Shirley, 212 Ky. 114. Other cases are cited in those opinions and the general rule deducible therefrom is, that ''Where the subject of a temporary disposition is directed to be 'equally divided,' or to be divided 'share and share alike,' or where similar words are used which indicate an equal division between or among two or more *persons,* the *persons* between or among whom the division is to be made take *per capita, unless a contrary intention is discoverable from the will.*'' (Our italics).

From the statement of the exception to the general rule it readily will appear that each case must be governed largely from the wording of the particular will to be construed in its entirety, since from that source alone may the intention be discovered to take the case out of the general rule. In the Burress case *supra,* the devising language was: ''Then the remainder of my estate shall descend jointly and equally to my heirs and the heirs of my wife, Fannie Rogers.'' The number of persons composing the group of his heirs and the group of his wife's heirs were not the same, nor was there any language in other parts of that will from which a contrary intention was discoverable; and construing the devising clause *supra,* we held that it came within the general rule above stated and that the heirs of the testator and those of his wife, Fannie, composed only one group among which his estate was devised *per capita.* We can discover no material difference between the construed devising language of that will and the same contained in the will of Albert Stutz which is involved in this case.

Neither do we find any language in other parts of his will throwing any light upon the point.

There being no substantial difference in the verbiage of the two wills it necessarily follows that the trial court erroneously construed the will here involved to provide for a *per stirpes* division of his estate between the children of his wife as one group and those of his brother, John, as another group. It should have followed the opinion in the Burress case. For the reasons hereinbefore indicated, and because of the error pointed out, the judgment is reversed, with directions to set it aside and to enter one in conformity with this opinion.