## Johnson, et al. v. Johnson's Administrator.

(Decided December 2, 1927.)

### Appeal from Warren Circuit Court.

1. Wills.—"Relations," as used in will authorizing equal division of remainder between relations, held to mean those who would take under statute of descent and distribution.

2. Wills.—Though statute of descent and distribution must be looked to in order to ascertain beneficiaries under will leaving property to "relatives," will itself must be looked to in order to ascertain what shares they take.

3.   Wills.—Will providing for equal distribution of remainder among
relations, coupled with additional gift to one of beneficiaries, held
to require distribution per capita.

RODES & HARLIN, ROBERT M. COLEMAN, JR., and A. J.
OLIVER for appellants.

FINN & SIMS and FORD & FORD for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

N. P. Johnson died in 1926 testate. His will is as follows:

"I want $5,000 put in trust to keep up the family graves and I also want a monument put at the head of the lot to cost $2,500 or $3,000. The remainder to be divided equally between my relations. I also want my niece Jessie to have my diamonds. This is my wish. January 3, 1926.

"N. P. JOHNSON."

This action was brought to have construed that part of the will reading, "the remainder to be divided equally between my relations." The questions are, first, what did the testator mean by the expression "my relations?" and, second, whether the division between those determined to be such relations should be per capita or per stirpes. This case has been splendidly briefed on both sides, but counsel did not at the time they briefed this case have before them the case of Wooten's Trustee v. Hardy, et al., 221 Ky. 338, 298 S. W. 963. In the Wooten case, by paragraph 12 of the will involved, certain specific bequests were made principally for the care of the testator's cemetery lot and for charitable purposes. Following such specific bequests came this provision:

"Then to my surviving relatives sharing equally in all remaining moneys if should be any—with one exception—if S. F. Wooten survives or lives at the time, he be given four times the amount of any one relative; or should he be taken from life unto death before this time arrives any remaining member or members of his family shall receive his share."

In this Wooten case we were among other things called on to construe this section of the will and to determine what the word "relatives" meant, and whether

the will provided for a capita or a per stirpes distribution.  Addressing ourselves to the first question, we said:

> "The word 'relatives' in its popular sense embraces all, even the remotest kindred, and is so indefinite it has been found necessary in the construction of wills and similar instruments to limit it by confining it to the 'next of kin' who would take under the statute of descent and distribution.  . .  . This rule harks back to the early English case of Hardwick v. Glynn, 1 Atk. 496, 27 English Reports 299. In the last cited report there is an elaborate footnote citing a long list of English cases to the effect 'that the word "relations" or "kindred" in a will without any specification of what relatives or kindred are intended, denotes such only as are within the statutes of descent and distribution; although the shares of such must be regulated according to the intent and construction of the will under which they claim.' "

Therefore, in answer to the first question presented in this record, we hold that the word "relations" means those who would take under the statute of descent and distribution.

The next question is whether the beneficiaries of Johnson's will as thus defined take per stirpes or per capita.  The appellees argue for a per stirpes division, and the lower court so held.  The appellant argues for a per capita distribution.  In the Wooten case, speaking to this point, we said:

> "The statute of descent and distribution requires a per stirpes distribution.  But, while it is an aid in determining who are the devisees, the statute does not control the manner or character of apportionment among them.  This is governed by the intent of the testator as expressed in the will, and as to this there is little room for discussion. It is a well-settled rule of construction in this state that a provision in a will for a division among a class of persons 'equally,' 'share and share alike,' or where words of similar import are used, means a per capita and not a per stirpes division unless a different intent is discoverable from the will itself."

As stated in the footnote to the Hardwick case, supra, although the word "relatives" denotes such only

as are within the statute of descent and distribution, the shares of such must be regulated according to the intent and construction of the will under which they claim. We thus see the rule to be that, while the statute of descent and distribution must be looked to in order to ascertain who the beneficiaries are, the will must be looked to in order to ascertain what shares they take. In the case of Dennis v. Shirley, 212 Ky. 114, 278 S. W. 591, the testator provided that, after a life estate set up in his will had fallen in, the estate should then be sold "and distributed to my legal heirs in equal shares, with one exception, viz.: Eva Reed, my granddaughter, has now in her possession one sewing machine and one organ which I now give her and same shall not be charged to her again."

After an elaborate review of the authorities, we there held that, although prima facie the presumption is that when the objects of the bounty are referred to as heirs then a per stirpes division is meant, yet, if a contrary intention is expressed in the will, a per capita distribution will be decreed. We there held that the direction that the property should be distributed in equal shares, coupled with the fact that one beneficiary was not to be charged with a gift theretofore made to her, required a per capita distribution. Most of the emphasis of the opinion was put on the expression "in equal shares." Here the testator, Mr. Johnson, provided for an equal distribution among his relations, and coupled this with an additional gift to one of the beneficiaries, his niece Jessie. It is impossible to distinguish this case from the Shirley case. It therefore follows that the lower court erred in decreeing a per stirpes distribution in this case instead of a per capita one.

Its judgment is therefore reversed, with instructions to enter a judgment in conformity with this opinion.