# Hatchett's Ex'r et al. v. Leland.

Feb. 9, 1940.

V. H. Jones, Judge.

W. F. Grigsby for appellants.

Thomas F. Manby and J. Ballard Clark for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The sole question for determination in this case is the correct interpretation of the Eleventh clause of the will of A. Y. Hatchett, who died a resident of Nelson county, Kentucky, in the early part of 1938. On March 26th, of the same year, his will, which he had previously executed, was probated in the Nelson county court. Its involved Eleventh clause says: "The balance of my estate, real, personal and mixed, and wherever located, I give to heirs of my brother, H. P. Hatchett, and heirs of my brother, John C. Hatchett, and heirs of my brother George Hatchett, and heirs of my sister, Lou Hatchett Snider and heirs of my sister Margaret Hatchett Martin, and heirs of my sister Millie Jewell, share and share alike with the following exceptions: that the child of George Hatchett, or her heirs shall receive 1/3 of 1/6 shares in this the remainder of my estate, and after this one third of one sixth is calculated—then she is to receive 1/6 of the balance of the two thirds to be distributed."

This action was filed in the Nelson circuit court by appellee and the sole plaintiff below, Rosie Leland—who is one of the eight children and heirs of testator's brother, John C. Hatchett—against the executor of the will, appellant, and defendant below, Frank Hardin, and all of the children of testator's brothers and sisters as enumerated in the clause of the will under consideration, for the sole purpose of obtaining a correct interpretation of the inserted clause of the will, with a direction that the executor distribute the fund embraced by it in accordance with that interpretation. No other relief was sought and, consequently, no other issue was raised. Plaintiff in her petition set out the facts necessary for the maintenance of such an action, and incorporated therein her interpretation of the questioned section of the will involving the two questions of (1) whether or not the children or heirs of all of testator's brothers and sisters should be considered in the aggregate and to take, under the residuary clause of his will, per capita of the fund devised therein, or whether they received thereunder a per stirpes devise, each group of heirs or children representing their parents—the devise being made to them as representatives of their parents. In other words, whether or not, as members of the entire aggregate, number of children or heirs embraced by the contested residuary clause of the will receive a per capita distribution thereunder as a member of that aggregate class, or whether the children and heirs (in the aggregate) of each brother and sister are given 1/6 of the property embraced in the clause of the will, but share it per capita as between or among themselves? and (2) what effect should be given to the "exception" in that clause saying: "That the child of George Hatchett, or her heirs, shall receive 1/3 of 1/6 share in this the remainder of my estate, and after this one third of one sixth is calculated—then she is to receive 1/6 of the balance of the two thirds to be distributed?"

Plaintiff averred and claimed in her petition that the proper answer to question (1) was and is, that a per capita division of the property embraced in the residuary clause of testator's will among all of the children and heirs of each brother and sister of the testator, in the aggregate, was the proper interpretation, and her contention as to the correct answer to question (2) as to the exception in that clause was, that the only child and

heirs of testator's brother, George Hatchett (the defendant Bessie Burkhead), should receive 1/3 of 1/6 of the residuary fund and then receive 1/6 of the remaining 2/3 of that 1/6 in total satisfaction of her entire devised portion under the will as embraced in that clause—which interpretation would have the effect to bar Mrs. Burkhead from participating in the remaining 5/6 of the residuary property of the testator, as augmented by the diminished portion of the 1/6 out of which and from which her devise should, become so satisfied. The administrator in his answer to the petition took the position that the language of the contested clause of testator's will provided for a per stirpes division of the property embraced therein into six parts and that each group of heirs took one part per stirpes, but that the divided portions are to be distributed among them per capita, and that Mrs. Burkhead's portion was limited to the estimated amount as contended for by plaintiff. The court on final submission adopted plaintiff's entire contention in its judgment, to reverse which this appeal is prosecuted.

Respective counsel in seeking to sustain their respective contentions cite a number of prior cases from this court wherein interpretative questions of a similar nature were involved, and, of course, each of them claim that the opinions so cited sustain their respective contentions. The list of cases so relied on by appellee's counsel are: McFatridge v. Holtzclaw et al., 94 Ky. 352, 22 S. W. 439, 15 Ky. Law Rep. 312; Conn v. Hardin, 215 Ky. 307, 284 S. W. 1077; Wooten's Trustee v. Harty, 221 Ky. 338, 298 S. W. 963; Day's Adm'r v. Bright, 257 Ky. 359, 78 S. W. (2d) 43; Young v. White, 216 Ky. 173, 287 S. W. 565; Justice v. Stringer, 160 Ky. 354, 169 S., W. 836; Purnell v. Culbertson, 12 Bush 369; Brown's Ex'r v. Brown, 6 Bush, 648; Hughes v. Hughes, 118 Ky. 751, 82 S. W. 408, 26 Ky. Law Rep. 625; Dennis v. Shirley, 212 Ky. 114, 278 S. W. 591; Johnson v. Johnson, 222 Ky. 180, 300 S. W. .636; Rogers v. Burress, 199 Ky. 766, 769, 251 S. W. 980; Caperton v. Smith's Trustee, 268 Ky. 223, 104 S. W. (2d) 440; and 40 Cyc. 1490; whilst counsel for appellant relies on some of the same cases with the additional ones of Slattery et al. v. Ryan et al., 233 Ky. 611, 26 S. W. (2d) 544; Dennis v. Shirley, 212 Ky. 114, 278 S. W. 591, and Fields v. Fields, 93 Ky. 619, 20 S. W. 1042, 14 Ky. Law Rep. 865.

To undertake in this opinion a critical review of the facts of each of those cases, as well as others cited in those opinions, would expand the opinion far beyond proper limits, and for which reason we will not embark upon that task; but will content ourselves with saying that each and every one of them follow, approve and apply the fundamental rule in the solution of such questions, to the effect that the intention of the testator (or maker of any other conveying instrument) as gathered from its entire contents furnishes the rule by which courts are guided, and when that intention is so ascertained it becomes the duty of the court to enforce it in all cases where the provisions of the will antagonize no principle of law, or of public policy. Such being the undeviating rule it necessarily follows that, since each and every will is differently framed—with testator's wishes expressed in different terms, with more or less qualifying or indicative expressions of the testator's intention—each case must be determined on its own facts. Therefore, it necessarily follows that in the more or less numerous cases coming before this court involving the same question there sometimes appears apparent conflicts, but which when the language of the instrument is analyzed and the intention of its maker gathered from all parts of the document, the apparent conflict disappears and the opinion will be found to be in harmony with the general rule stated. A due respect for proper limitation of an opinion (especially when the necessities of the case do not require it) forbids that we enter into a discussion of the various rules by which the correct intention of testators—and makers of other conveying instruments—are ascertained, and especially is that true when the particular case under consideration does not require it—in which latter class we conclude that this one belongs, the confusion arising only as to the issue involved in question (2) supra.

1. Turning now to a consideration of question (1) an analysis of the language of the clause of the will in controversy demonstrates that the testator clearly divided the beneficiaries of the devises embraced therein into six portions, the recipients of each portion being the "heirs" of each stock of each portion. We put in quotation the word "heirs" for a purpose and which is to emphasize the fact that the testator did not designate the class of beneficiaries as *children* of his brothers and

sisters, but his beneficiaries embraced all the *heirs* of each brother and sister, some of whom might be collateral and removed to a remote degree from the stock portion which that particular set of devisees were to take under the will. Therefore, if plaintiff's contention be the correct answer to question (1) supra—and which the court adopted—then remote heirs, to an unlimited and indefinitely removed degree of relationship to the stock represented by them, would share per capita with the class members who were the immediate issue of other stocks and that, too, regardless of the number of such remote heirs. It would, therefore, appear—without any other supporting fact—that the testator in this case intended to divide the property covered by the Eleventh clause of his will into six portions, and that each portion should go to the heirs of their ancestors sustaining the relationship to the testator of brother or sister, and which is a per stirpes division as to the classes of beneficiaries under the will, but a per capita division among the members of each class. That interpretation is furthermore supported by what the testator said in his rather confused and ambiguous exception forming the basis for question (2) supra, and in which exception he continued to indicate a purpose to divide his property into shares of 1/6, since he therein expressly referred to the 1/6 share that the only heir or child of his brother, George Hatchett, would receive under the residuary clause of his will, without his inserted alterations. We therefore have no trouble in concluding that the testator provided for a per stirpes division in the residuary part of his will into six portions, and that the issue of each representative in the same degree of relationship to the testator—who was their parent to take their portion per capita as among themselves.

But it is insisted that the Fourth clause of testator's will militates against that interpretation to such an extent as to justify its rejection in this case. In that clause the testator gave "to the heirs of Susan Mary Hungate—Heirs of John Richardson—to Tom Richardson, if living, if not, to his heirs—to Mack Richardson, if living, if not, to his heirs—I give the sum of $5000.00 in equal parts—a fourth each." It is contended that by the addition of the phrase at the end of that excerpt "a fourth each" there is a clear indication of a per stirpes division, and that words indicating a corresponding in-

tention are not found in the Eleventh clause of the will; and from which it is argued that the testator knew how to create a per stirpes division as is evidenced by the Fourth clause of his will, and that not having done so— as contended by learned counsel—in the Eleventh clause of his will, a different, or per capita distribution was intended in the latter clause. There might be some force in that contention were it not for the fact that in the Eleventh clause of the will there is found in the exception therein proof of a clear intention to make a 1/6 division as the portions each group of beneficiaries was to receive of the property embraced by that section. We, therefore, conclude that the court erred in adjudging otherwise, and that the contention of the administrator, as set forth in his answer, is the true and correct answer to question (1) supra, and should have been so held by the court.

2. We now come to question (2) supra, which it must be admitted is to some extent complicated and confusing. The judgment, as we have seen, gave to Mrs. Burkhead—the sole heir of one of testator's brothers— 1/3 of 1/6 of the residuary property embraced by the Eleventh clause of the will, plus 1/6 of the remaining 2/3 of that 1/6 portion, as the entire amount to which she was entitled, and which necessarily divided the other 5/6 of testator's property embraced by the residuary clause of his will, plus what remained of the 1/6 portion represented by Mrs. Burkhead's father, between the other five sets of heirs per capita of the testator's other brothers and sisters, denying her the right to participate in that divided fund to any extent whatever. It is stated in brief of counsel representing the successful plaintiff (appellee here) that Mrs. Burkhead was a favorite niece above and over his other nieces and nephews. That fact is not denied or in any manner contradicted or called in question. We, therefore, feel authorized to accept it as a fact, and when done the conclusion would be irresistible that the testator, by incorporating the exception above inserted as a part of the Eleventh clause of his will, never intended to make provision whereby his favorite niece would in any event obtain less than others of his nephews and nieces occupying a lower strata in his esteem and affection. One of testator's brothers or sisters has only two children, while others have more—the highest number of either of them being

eight children. A simple calculation demonstrates that where there are not exceeding three children each would receive practically as much as Mrs. Burkhead, if the interpretation of the exception referred to—and as made by the court—is correct; whilst each of the children of the brother and sister, having only two, receive considerably more than Mrs. Burkhead.

Coming now to an analysis of the language of the exception supra, we find that the testator, after carving out the amount which his favorite niece should first receive from the 1/6 portion of his residuary property represented by her parent, then added these words: "then she is to receive 1/6 of the balance of the two-thirds *to be distributed;*" (our italics), but that particular 2/3 was not all the property embraced by the residuary clause of the will which was "to be distributed." There was also the other 5/6 of his residuary property "to be distributed," and it involves no violation of prevailing rules of interpretation to conclude that testator intended that the remnant of the 1/6 of the division of the property represented by Mrs. Burkhead's father—after favoring her with the carved out portion thereof—should be added to the other 5/6 of his property, which was also "to be distributed," and the combined fund thus created would be the entire one "to be distributed." To be distributed among whom? We have hereinbefore seen that there is no language in the particular clause of the will under consideration, nor elsewhere, indicating that Mrs. Burkhead was to be excluded from her per stirpes participation in the augmented and complete fund "to be distributed," and we fail to find any language in other parts of the will authorizing any interpretation that would exclude her from such participation. That conclusion is fully justifiable from the considerations hereinbefore suggested as gathered from the testator's language, and which is likewise in harmony with all of our opinions heretofore rendered, including those cited by both parties and others found in those opinions.

Summarizing, our conclusions are, that the testator by the Eleventh clause of his will provided for a per stirpes division of his residuary devise whereby he created six classes of devisees to share his estate therein mentioned, and the members of each class should share their respective portions per capita, and which is our

answer to question (1) supra. With respect to question (2) we conclude that Mrs. Burkhead should first receive out of the 1/6 portion of testator's estate represented by her father, one of the brothers of testator, the amount calculated by the rule expressed by him in the exception contained in the Eleventh clause of his will, and that in addition thereto she should share, under the per stirpes interpretation supra, in the remaining portion of the residuary property of the testator, and which interpretation we also conclude is justified and demanded by the settled rules heretofore approved and announced in some, if not all, of the opinions supra, and others cited in them.

Wherefore, the judgment is reversed, with directions to set it aside and to enter one in accordance with this opinion and for other proceedings not inconsistent herewith.

The Whole Court sitting, except Judge Fulton.